JOE WHITING and YOUNG FARRIS, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed May 2, 1929.

Petition for rehearing denied June 28, 1929.

*W. K. Zewadski, Jr.,* and *W. M. Pierce,* for Plaintiffs in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant for the State.

STRUM, J.—Information was filed against plaintiffs in error charging Young Farris as principal in the commission of an armed robbery, and Joe Whiting with participation therein as accessory before the fact. A third person, William Weaver, pleaded guilty to a further information charging him as a principal in the same robbery. Upon trial, Farris and Whiting were found guilty as charged. Upon this writ of error, reversal is urged as to Whiting, the sole ground relied on therefor being the asserted insufficiency of the evidence as to him.

The robbery in question occured just after dark on the evening of Sunday, July 17, 1927, at a general store operated by the victim of the robbery, in which he also resided, located on a main road about one mile out of Plant City. The victim identified Weaver and Farris as the principals in the robbery. These two men, so the victim testified, came to his store about midnight on the night previous to the robbery, which was Saturday night, and pursuant to their request the victim opened up the store for them to purchase a number of articles of merchandise. The next night, Sunday night, about 8:30 P. M., the victim was called from living rooms in the rear of his store, and on entering the front portion of his store was confronted by Weaver and Farris, both of whom leveled pistols at him and proceeded to relieve him of his pocket book containing about $60.00, after which the robbers ran north toward a cemetery which was nearby.

It satisfactorily appears by the testimony of credible witnesses that Whiting and Farris associated together to a considerable extent, and had been frequently seen riding around together in Whiting's Ford coupe; that on the night of the robbery, and a short while before it

occurred, Whiting called for Farris at the latter's home and that the two departed in Whiting's automobile; that thereafter and shortly before the robbery, Whiting was seen driving the automobile near the scene of the robbery, first alone, and then a few minutes later accompanied by two other men, one of whom was recognized as Farris; that Whiting first drove to the vicinity of the nearby cemetery, then turned and passed several times in the immediate vicinity of the victim's store, stopping at a filling station to get some gasoline, after which he drove about two blocks away, returning with the two men, and proceeded back to the vicinity of the cemetery where he sounded his horn twice, proceeding a little further and blowing his horn the third time. After that he was seen again in the immediate vicinity driving alone, and very shortly thereafter, at a time which later was shown to have substantially coincided with the time of the robbery, two men were seen running away from the victim's store, across the road toward Whiting's car. Immediately before that another witness had seen two men, one of whom the witness thought was Farris, behind the store occupied by the victim. Another witness, Farris' sister, testified that about 9:00 o'clock P. M., the robbery having occured shortly after 8:30 o'clock, Whiting drove her brother, Farris, back to the latter's home; that they were riding in Whiting's Ford coupe, and that Farris got out and came into the house. Some effort was made to discredit this witness' testimony on account of her supposed prejudice against Whiting, but it was for the jury to determine the question of credibility. Another witness testified that several days after the robbery, and after Whiting had been charged with participation therein, Whiting requested the witness not to say anything about the witness having seen Whiting in company with the two principals, Farris

and Weaver, on the night of the robbery. This witness also testified that Whiting told him that he had "an iron clad alibi."

The defendant attempted to establish an alibi by his own testimony, as well as by that of a proprietor of a cafe located in the business section of Plant City. The testimony of the alibi may have created a conflict in the evidence, but no more than that. It was the province of the jury to resolve that conflict, which they did. The defendant's testimony, including that concerning the alibi, was apparently not sufficient to raise in the minds of the jury a reasonable doubt of Whiting's guilt.

Sec. 5008, Rev. Gen. Stats. 1920 (Sec. 7110, Comp. Gen. Laws 1927), provides:

> Whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counseling, hiring, or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon.

The effect of the foregoing Section is that one who "aids" in the commission of a felony shall be punished in the same manner prescribed for the punishment of the principal felon; or one who is accessory thereto, before the fact, "by counseling, hiring, or otherwise procuring such felony to be committed," shall be punished in a like manner. The two propositions are in the disjunctive. They are several and alternative. Proof of the offense in either aspect will support a conviction. The same manner of punishment is prescribed for the accessory as for the principal. Buie v. State, 68 Fla. 320, 67 So. R. 102; Albritton v. State, 32 Fla. 358, 13 So. R. 955.

We are mindful of the rule frequently announced by this Court prescribing the criterion for circumstantial evidence

in order to support a conviction. The evidence of Whiting's participation is largely circumstantial but not altogether so. It raises more than a strong suspicion of his guilt. There is substantial and convincing evidence thereof. The testimony of credible and disinterested witnesses establishes a state of fact which is not only consistent with Whiting's guilt, but which it is also reasonable to regard as inconsistent with innocence. On the whole, it does not appear that the jury's verdict was clearly wrong, or that the jury was not governed by the evidence in reaching its verdict. On the contrary, the jury could reasonably and lawfully have found the verdict on the evidence adduced. There is ample evidence from which it could be lawfully found or inferred not only that Whiting "aided" in the commission of the felony, but that he "counselled, hired, or otherwise procured" the commission thereof.

Even where the evidence is entirely circumstantial, if it points strongly, as it does here, to the defendant's guilt, and the evidence on the whole is of a sufficiently conclusive nature, not only consistent with guilt but inconsistent with innocence, so that the jury could reasonably and lawfully have found the defendant guilty, and no errors of law or procedure appear, the judgment will not be reversed. McRae v. State, 62 Fla. 74, 57 So. R. 348. See also Thomas v. State, 73 Fla. 115, 74 So. R. 1.

Affirmed.

WHITFIELD, P. J., concurs; BUFORD, J., concurs in the conclusion.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J., (Dissenting) : Whiting was convicted under the second count, which charged him as an accessory before the fact—that he "did counsel, incite, procure, abet and command the said Young Farris, the said robbery and felony in the form and manner aforesaid to do and commit." The third count, charging him as a principal in the second degree, that is, with being present, aiding and abetting, etc., was evidently abandoned; at least, the verdict ignored this count. I think the evidence would probably have sustained a conviction under this third count, charging Whiting as a principal in the second degree, on the theory of constructive presence, as enunciated in Pope v. State, 84 Fla., 428, 94 So. R. 865. But I do not think it sufficient to sustain the conviction as accessory before the fact under the second count, on which the verdict was based.

While Section 7110 Comp. Gen. Laws (5008 R. F. S.) makes all who "aid" in the commission of a felony,—that is, principals, in the second degree,—and accessories before the fact, punishable with the same punishment prescribed for the principal, and Sec. 7111 Comp. Gen. Laws (5009 Rev. Gen. Stats.) provides for joint indictment, these statutes do not abolish the distinctions between accessories before the fact, and principals in the first and second degrees, and do not authorize the conviction of a person as an accessory before the fact who was indicted as a principal, or *vice versa*. An accessory before the fact must still be indicted as such. 3 Bishop's Crim. Prac., 39, p. 1227; 1 R. C. L. p. 145, Sec. 22; 14 Ann. Cas., 311 note. The succeeding sections, 7111 Comp. Gen. Laws (5009 Rev. Gen. Stats.) shows this. See also *Ex parte* Bowen 25 Fla. 214, 220, and Bowen v. State, 25 Fla., 645; Flynn v. State, 86 Fla. 467.

The definitions and distinctions at common law are tersely stated in the Albritton v. State, 32 Fla. 358, 13 So. R. 955; "An accessory before the fact is one who, though absent at the time of the commission of a felony, doth yet procure, counsel, command and abet another to commit such felony. An accessory after the fact is one who, when knowing a felony to have been committed by another, receives, relieves, comforts or assists the felon, whether he be a principal or an accessory before the fact. Principals in the second degree are those who are present, aiding and abetting at the commission of. the act." Citing Montague v. State, 17 Fla. 652.

Sections 7110, 7111 and 7112 of Comp. Gen. Laws (5008-9-10 Rev. Gen. Stats.) appear under a chapter entitled "Principals and Accessories." Sec. 7110 reads as follows:

7110. (5008). ACCESSORY BEFORE THE FACT. —Whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counseling, hiring, or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon.
Section 7111, reads:

7111. (5009). INDICTMENT AND PUNISHMENT.—Whoever counsels, hires or otherwise procures a felony to be committed may be indicted and convicted as an accessory before the fact, either with the principal felon or after his conviction, or may be indicted and convicted of substantive felony, whether the principal has or has not been convicted or is or is not amenable to justice; and in the last mentioned

case may be punished in the same manner as if convicted of being an accessory before the fact. (Id. Par. 4.)

My view is that Section 7110, in spite of its head line, deals with two classes, which it makes punishable the same as principals in the first degree—that is:

(1) "Whoever aids in the commission of a felony, or

(2) is *accessory thereto, before the fact, by counseling, hiring, or otherwise procuring* such felony to be committed."

It could not have been intended by this statute to provide that one who *aids in the commission* of a felony is an accessory before the fact. Such a one is a principal in the second degree. The succeeding section repeats the same definition of an accessory before the fact as "Whoever *counsels, hires, or otherwise procures* a felony to be committed, may be indicted and convicted as an accessory before the fact," etc.

Section 7112 Comp. Gen. Laws relates to accessories after the fact, and is not pertinent here.

The evidence here is probably sufficient to show that Whiting was *aiding* Weaver and Farris in the commission of the robbery, in that he was nearby in his automobile to render assistance if necessary, or to warn them of the approach of officers, and thus constructively present, aiding and abetting in the commission of the offense, and hence a principal in the second degree, but there is no evidence from which it could be inferred that he counselled, or advised, or incited, or in any way procured, them to commit the crime. The evidence is as consistent with the theory that they procured him to help them commit the offense, as that he procured them to do it. The word "abet" as used in the indictment is in the sense of counselling or

inciting the principal to commit the act; not in the sense of aiding in the actual deed when committed. I think therefore the case should be reversed, as to plaintiff in error Whiting.