MARY VANN v. STATE.

179 So. 768.
Opinion Filed March 4, 1938.
Rehearing Denied March 31, 1938.

*Morley Darby* and *J. Montrose Edrehi,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, *Tyrus A. Norwood,* Assistant Attorney General, *E. D. Beggs, Jr.,* State Attorney, and *Philip D. Beall,* for the State.

CHAPMAN, J.—On August 7, 1937, plaintiff in error, Mary Vann, was convicted by a jury in the Circuit Court of Santa Rosa County, Florida, as an accessory before the

fact in an attempt to commit murder in the first degree. The crime was alleged to have been committed in Escambia County, Florida, on April 1, 1936. Plaintiff in error was informed against in the Court of Record of Escambia County by its prosecuting officer, R. H. Merritt, County Solicitor, under date of April 10, 1936. The cause, on motion of plaintiff in error, was transferred from Escambia County to the Circuit Court of Santa Rosa County for trial. During a special term of the Circuit Court of Santa Rosa County, Florida, Honorable E. Dixie Beggs, State Attorney for the First Judicial Circuit in and for Santa Rosa County, and Honorable R. H. Merritt, County Solicitor for the County of Escambia, on August 5, 1936, filed an information consisting of four counts charging plaintiff in error, and others, with the violation of the criminal laws of Florida. While the case was being tried, counts 3 and 4 of the information were abandoned. The issues of fact under counts 1 and 2 were submitted to the jury, with appropriate instructions upon the law of the case.

The jury returned a verdict of guilty. Count 1 of the indictment is as follows:

"In the Name and by the Authority of the State of Florida in the Circuit Court of the First Judicial Circuit State of Florida in and for Santa Rosa County, at a Special Term Thereof in the Year of Our Lord One Thousand Nine Hundred and Thirty-Six.

"Be It Remembered that E. Dixie Beggs, Jr., State Attorney for the First Judicial Circuit of the State of Florida, and R. H. Merritt, County Solicitor for the County of Escambia in said State, prosecuting for the State of Florida in said Court, under oath information makes that on the first day of April, 1936, at and in the County of Escambia, State of Florida, Mary Vann and Earl Travis did then and

there feloniously commit the substantive felony of accessory before the fact to the crime of attempt to commit murder in the first degree, for that on the said first day of April, 1936, Allen Langston and Allen· Findley did then and there feloniously attempt to commit an offense prohibited by the laws of Florida, and in the furtherance of such attempt did then and there do a certain act toward the commission of such offense, that is· to say, that they, the said Allen Langston and Allen Findley, with the felonious intent then and there to unlawfully and feloniously kill a human being, to-wit, Livvie W. Vann, and certain other person or persons a more ·particular description of whom and whose names are to your informants unknown, with malice aforethought and from a premeditated design to effect the death of the said Livvie W. Vann and such other person or persons, did then and there, in the furtherance of their, the said Allen Langston's and Allen Findley's said felonies attempt, remove and cause to be removed certain spikes, bolts, nuts and angle splices from certain railway tracks, to-wit, the railway tracks of the Louisville and Nashville Company, a corporation, in the vicinity of Cottage Hill in said Escambia County, Florida, with the intent then and there to wreck a certain train upon which train the aforesaid Livvie W. Vann was then and there the engineer, with the intent and premeditated design as aforesaid then and there to kill and murder the said Livvie W. Vann and such other person or persons. And your informants aforesaid, upon their oaths aforesaid, charge and present that the said Mary Vann and Earl Travis, at and in said County of Escambia, before the said felonious act by the said Allen Langston and Allen Findley committed in form and manner as aforesaid, did feloniously assist, procure, counsel and aid the said Allen Langston and Allen Findley to do and commit said felony. * * *

"All contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida.

> "E. Dixie Beggs, Jr., State Attorney for the First Judicial Circuit of the State of Florida.
> "R. H. Merritt, County Solicitor for Escambia County, Florida.

"STATE OF FLORIDA,
"COUNTY OF SANTA ROSA:

"Personally appeared before me, E. Dixie Beggs, Jr., State Attorney for the First Judicial Circuit of Florida, and R. H. Merritt, County Solicitor for Escambia County, Florida, who, first being duly sworn, say, each for himself and not for the other, that the allegations set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense charged therein.

> "E. Dixie Beggs, Jr.,
> "R. H. Merritt.

"Sworn to and subscribed before me
this 5th day of August, 1936.
"G. H. Leonard, Clerk Circuit Court, "(OFFICIAL SEAL)"
Santa Rosa County, Florida."

It is unnecessary to copy other counts as the jury failed to convict on counts 2 and counts 3 and 4 were at the conclusion of the taking of testimony abandoned by the prosecution. Counsel for plaintiff in error, on August 5, 1936, filed a motion for a continuance but the same was not sworn to by plaintiff in error or others informed against. The record fails to show a ruling by the court below on the motion for a continuance of the cause. On August 5, 1936,

plaintiff in error moved the court for an order quashing the said information, and count 1, *supra,* on the following grounds:

"1. The information is a new charge and different in the offenses charged from the information filed in the Court of Record in this cause.

"2. This Court has no jurisdiction to permit the filing of the information.

"3. The information is signed and sworn to by the County Solicitor who is without jurisdiction or authority in this Court or County.

"4. The State Attorney has no authority to file the information in this Court charging a crime committed in Escambia County.

"5. The said information is not filed in the proper Court.

"6. This Court has no jurisdiction to permit the filing of a new information for offenses charged to have been committed in Escambia County.

"7. There has been a change of venue only with respect to this defendant, and not with respect to the other defendant jointly charged with this defendant, and the said information is filed against both defendants."

The record proper fails to recite an order of the lower court on the motion to quash but the stenographic record of the proceedings found on page 13 of the record recites, "Motion to quash denied and exception noted." The proposed bill of exceptions in this cause was presented to the Honorable L. L. Fabisinski, trial Judge of the Circuit Court of Santa Rosa County, Florida, on December 1, 1936, and was by the said Judge approved on October 5, 1937. The judgment entered against plaintiff in error is dated August 31, 1936. The writ of error is dated Septem-

ber 15, 1936, and was returnable in this Court on December 12, 1936. The court allowed plaintiff in error ninety (90) days from August 31, 1936, in which to prepare and have settled a bill of exceptions in this cause. It is clear that the bill of exceptions were not approved or settled by the trial court until October 8, 1937. While it is true that the bill of exceptions were not settled but presented to the court about the expiration of the ninety day period allowed by the order. This Court, because of the condition of the bill of exceptions and the record, is precluded by the rules and decisions of this Court from considering questions *in pais,* but must review the transcript of the record only, that appears properly certified to this Court. Ninety-one (91) clear days intervened after August 31, 1936, and December 1, 1936, when the proposed bill of exceptions was filed by the Judge of the Circuit Court of Santa Rosa County.

The information under which plaintiff in error was convicted was drafted under Section 7111 C. G. L. of Florida 1927. See Neumann v. State, 116 Fla. 98, 156 So. 237; Whiting and Farris v. State, 97 Fla. 693, 122 So. 2; Kauz v. State, 98 Fla. 687, 124 So. 177.

It is admitted by counsel of record for the respective parties, and the record sustains such a conclusion, that plaintiff in error applied for a change of venue from Escambia County and the court, after hearing the application, made and entered an order transferring the cause from Escambia County Court of Record to the Circuit Court of Santa Rosa County. There appears to be a substantial compliance with Sections 8403, 8404, 8406 and 8411, C. G. L. of Florida 1927. After the change of venue has been ordered and complied with, the said trial and proceedings, subsequent thereto, in part, shall proceed as if the

indictment had been found or the information filed in such County. See Section 8411 C. G. L. of Florida 1927, viz.:

"When the venue is changed to another county, the trial shall be conducted, in all respects, as if the indictment had been found, or information filed, in that county."

The section, *supra,* authorizes the Circuit Court of Santa Rosa County to proceed with the trial of the case at bar as if the proceedings were being held in Escambia County where the information was filed on April 10, 1936. For some reason or other the State, on August 5, 1936, desiring to cure or correct some error or defects appearing in the information filed in the Court of Record of Escambia County, Florida, which by a compliance with the statutes, *supra,* was transferred to Santa Rosa County, did on said date, August 5, 1936, file in the Circuit Court of Santa Rosa County an information charging substantially the same criminal offense as originally charged. It is contended here by the motion to quash, the substituted information, filed in Santa Rosa County and upon the first count of which plaintiff in error was subsequently convicted, should have been filed in Escambia County, Florida, and not in Santa Rosa County, and the Circuit Court of Santa Rosa County was without jurisdiction to receive and try the palintiff in error on the substituted information. It is true that the State Attorney of the Circuit Court and the County Solicitor of Escambia County, under oath and in compliance with the Constitution, filed the said information. The witnesses were not called before the Grand Jury of Santa Rosa County and an indictment presented by that body, but the other method of procedure was selected by the prosecuting officers. It appears that a grand jury of Santa Rosa County could have presented the indictment of plaintiff in error under Section 8407 C. G. L. of Fla. 1927, viz.:

"Whenever the judge shall deem it impracticable or inexpedient to form a grand jury in any county for want of sufficient number of qualified jurors therein, or on account of any undue excitement or prejudice among the people, it shall be lawful for the grand jury of any county within the circuit to indict any person for crime committed in the county first mentioned, but upon the return of any such indictment, the same shall be certified and transferred to the county where the crime was committed and trial thereon shall be had in such county unless a motion for change of venue, under the provisions of Sections 8404, 8405 and 8406, relating to change of venue, should be made on behalf of the defense or on behalf of the prosecution and such motion be granted upon order of court."

If the information upon which plaintiff in error was tried and convicted had been presented by the grand jury of the Circuit Court of Santa Rosa County in August, 1936, then the grounds of the motion to quash would be in the teeth of Section 8407. Since this was not done, let us consider the power or authority of the prosecuting officer of Santa Rosa County to file the substituted information in the Circuit Court of Santa Rosa County, Florida. The information charged plaintiff in error with a felony but not a capital offense. Our statute, *supra,* would have authorized the grand jury of Santa Rosa County in presenting the indictment upon which plaintiff in error was convicted.

Section 10 of the Declaration of Rights to the Constitution of Florida becoming effective December 31, 1934, clothed prosecuting attorneys with power and authority to file informations charging felonies, not capital offenses, with enumerated exceptions, not affecting plaintiff in error. When the suit at bar was transferred to and filed in Santa Rosa County it was there for trial the same as if having originated in said County of Santa Rosa. If errors or de-

fects appeared in the information by mistakes or otherwise, in the case at bar, it seems that full power and authority existed in the prosecuting attorney of Santa Rosa County to either file an information under oath as provided by Section 10, *supra,* or place the witnesses before a grand jury and obtain an indictment as provided for in Section 8407, *supra.* Section 10, *supra,* provides:

"No person shall be tried for felony other than a capital offense, unless on presentment of indictment by a Grand Jury, or upon information under oath filed by the prosecuting attorney of the Court wherein the information is filed, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep in time of peace. Any person under such information, presentment or indictment for any felony not capital may be arraigned and may enter a plea in term time or in vacation, and the judgment and sentence of the court on a plea of guilty may be made and entered either in term time or in vacation. The Judge of any circuit court is authorized to dispense with the summoning, impaneling, and convening of the grand jury at any term of court by making, entering, and filing with the Clerk of said court a written order directing that no grand jury be summoned at such term of court, which order of the circuit judge may be made in vacation or term time of said court. The Legislature shall have power by general legislation to regulate the number of grand jurors to serve upon, or constitute, a grand jury, and to fix the number of grand jurors required to vote for and return an indictment or presentment."

If the contention for plaintiff in error prevails, when the error, defect or mistake in the information filed by the County Solicitor of Escambia County and transferred under

the statutes of Florida to Santa Rosa County Circuit Court, and on trial day these defects were discovered at a time when the Court was in session, jurors in attendance upon the court, witnesses there under subpoenas, and counsel for the respective parties present and there for the purpose of trial, the entire proceedings would be halted, court adjourned to a day certain, jurors and witnesses required to remain under subpoenas until the parties and witnesses should go to Pensacola, obtain another information, let the cause be retransferred and again go through the same procedure. There was a motion for a continuance pending before the court. We believe such action wholly unnecessary. Counsel for plaaintiff in error had from April 10, 1936, to August 5, 1936, in which to prepare for trial. The substituted information charged practically the same facts as the original information. The name and signature of the County Solicitor of Escambia County appearing in the substituted information, while possibly unnecessary, fails to affect the legal merits thereof and can be considered as surplusage.

We are precluded from a consideration of the proceedings of the trial because the bill of exceptions fails to meet the requirements of law. There is no error in the record and the judgment appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The information really charged the defendant with being an accessory before the fact to the crime of attempting to commit murder in the first degree, whereas the principals alleged in the information had been acquitted of the crime alleged and their pleas of guilty to a lesser offense accepted. The mere allegation in the information that the defendant was charged with a "substan-

tive felony" is a mere conclusion of the pleader, which is rebutted by the specific facts alleged. The motion to quash the information as framed should in my opinion have been granted. I must therefore dissent in part from the foregoing opinion. The defective information could perhaps have been cured by the filing of a new and legally sufficient one, but as I see it the information upon which the defendant was tried was fatally defective.