IN RE: LIVVIE W. VANN.

186 So. 424.
Opinion Filed January 14, 1939.
Rehearing Denied February 3, 1939.

*A. Morley Darby* and *J. Montrose Edrehi,* and *P. Guy Crews,* for Petitioner;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, *contra.*

CHAPMAN, J.—It having been made to appear by petition for writ of habeas corpus that the petitioner, Mary Vann, is being unlawfully restrained of her liberty by L. F. Chapman, Superintendent of the State Prison Farm, and the detention, it is alleged, is based upon a commitment issuing out of the Circuit Court of Santa Rosa County, Florida, wherein the petitioner had been convicted of the crime of the substantive felony of being an accessory before the fact to attempt to commit murder in the first degree, and of which she was adjudged guilty by the trial court and sentenced to the State Prison for a period of ten years.

The information on which she was convicted is, viz.:

"In the name and by the authority of the State of Florida in the Circuit Court of the First Judicial Circuit of the State of Florida in and for Santa Rosa County, at a special term thereof in the year of our Lord One Thousand Nine Hundred and Thirty-Six.

"Be It Remembered that E. Dixie Beggs, Jr., State Attorney for the First Judicial Circuit of the State of Florida, and R. H. Merritt, County Solicitor for the County of Escambia in said State, prosecuting for the State of Florida

in said Court, under oath information makes that on the first day of April, 1936, at and in the County of Escambia, State of Florida, Mary Vann and Earl Travis did then and there feloniously commit the substantive felony of accessory before the fact to the crime of attempt to commit murder in the first degree, for that on the said first day of April, 1936, Allen Langston and Allen Findley did then and there feloniously attempt to commit an offense prohibited by the laws of Florida, and in the furtherance of such attempt did then and there do a certain act toward the commission of such offense, that is to say, that they, the said Allen Langston and Allen Findley, with the felonious intent then and there to unlawfully and feloniously kill a human being, to-wit, Livvie W. Vann, and certain other person or persons a more particular description of whom and whose names are to your informants unknown, with malice aforethought and from a premeditated design to effect the death of the said Livvie W. Vann and such other person or persons, did then and there, in the furtherance of their the said Allen Langston's and Allen Findley's said felonies attempt remove and cause to be removed certain spikes, bolts, nuts and angle splices from certain railway tracks, to-wit: the railway tracks of the Louisville and Nashville Company, a corporation, in the vicinity of Cottage Hill in said Escambia County, Florida, with the intent then and there to wreck a certain train upon which train the aforesaid Livvie W. Vann was then and there the engineer, with the intent and premeditated design as aforesaid then and there to kill and murder the said Livvie W. Vann and such other person or persons. And your informants aforesaid, upon their oaths aforesaid, charge and present that the said Mary Vann and Earl Travis, at and in said County of Escambia, before the said felonious act by the said Allen Langston and Allen Findley committed in form and manner as aforesaid, did

feloniously assist, procure, counsel and aid the said Allen Langston and Allen Findley to do and commit said felony. * * *

"All contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida."

It is contended that Allen Langston and Allen Findley had each entered pleas of guilty to Counts 2 and 4 of the indictment, which are, viz.:

"2. And your informant aforesaid, prosecuting as aforesaid, upon his oath aforesaid, further information makes, that Mary Vann and Earl Travis and Allen Langston and Allen Findley, late of the County of Escambia, in the State aforesaid, on the 1st day of April, A. D. 1936, at and in the County of Escambia aforesaid: Did feloniously and willfully injure certain railway tracks, to-wit: Louisville and Nashville Railroad Company, a corporation, tracks in the vicinity of Cottage Hill, Florida, by then and there loosening and removing certain spikes, bolts, nuts and angle splices from the said tracks, the said Mary Vann and the said Earl Travis before the commission of said felony did then and there counsel, hire and procure the said Allen Langston and Allen Findley, the felony aforesaid, in the manner and form aforesaid to do and commit."

"4. And your informant, aforesaid, prosecuting as aforesaid, upon his oath aforesaid, further information makes, that Mary Vann and Earl Travis and Allen Langston and Allen Findley, late of the County of Escambia, in the State aforesaid, on the 1st day of April, A. D. 1936, at and in the County of Escambia aforesaid: Did feloniously and willfully injure a certain railway track, to-wit: the track of Louisville and Nashville Railroad Company, a corporation, in the vicinity of Cottage Hill, Florida, by then and there loosening and removing certain spikes, bolts, nuts

and angle splices, from the said track, against the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

The information upon which petitioner was convicted was drafted under Section 7111 C. G. L. Likewise Earl Travis, Allen Langston and Allen Findley were informed against as principals under the same Count, *supra*, with the petitioner. The count charges the four as principals.

In the case of Lake v. State, 100 Fla. 373, text pages 382-3, 129 So. 827, this Court, in considering the same question here presented, in part, said:

"It is true that at common law the conviction of the principal felon must precede or accompany that of one charged as being accessory before the fact. Kauz v. State, 98 Fla. 687, 124 So. R. 177. In most states, however, statutes now make the offense of accessory substantive and independent and provide that the accessory when indicted for a substantive felony may be tried at the time of or independently of the principal felon. Section 5009 Rev. Gen. Stats. of 1920 (Section 7111 Comp. Gen. Laws of 1927) Wharton's Criminal Law, Vol. 1, p. 349. We are not confronted with this question here because the plaintiff in error was not charged as being accessory before the fact. He was charged as aiding and abetting the said A. R. Key the said false entry to make contrary to Section 5150 Rev. Gen. Stats. of 1920 (Section 7251 Comp. Gen. Laws of 1927) which Statute makes aiding and abetting, without regard to presence when the false entry is made, a substantive offense and punishes the aider and abettor in like manner as the principal. It was not necessary to enumerate the acts which constituted the aiding and abetting. Coffin v. United States, 156 U. S. 432, 15 Sup. Ct. Rep. 394, 39 L. Ed 481; Evans v. United States, 153 U. S. 584, 14 Sup. Ct. Rep. 934, 939, 38 L. Ed. 830; United States v. Berry, 96

Fed. 842; Gallot v. United States, 87 Fed. 446. These cases construe indictments under the Federal Statute covering the same subject matter as Section 5150, Rev. Gen. Stats., *supra.*

"This Court is also committed to the rule that persons participating in a crime are principals in the first or second degree. A principal in the first degree is the immediate perpetrator of the crime while a principal in the second degree is one who did not commit the crime with his own hands but was present aiding and abetting the principal. The principal in the second degree being charged with the same degree of guilt as the perpetrator. Albritton v. State, 32 Fla. 358, 13 So. R. 955; Montague v. State, 17 Fla. 662; Green v. State, 40 Fla. 191, 23 So. R. 851; Elliot v. State, 77 Fla. 611, 82 So. R. 139; Brown v. State, 82 Fla. 306, 89 So. R. 873; Whiting v. State, 97 Fla. 693, 122 So. R. 2. Plaintiff in error being charged with a substantive offense was principal in the second degree."

See Neumann v. State, 116 Fla. 98, 156 So. 237.

It is contended that petitioner should be discharged because Allen Langston and Alen Findley filed pleas of guilty to counts 2 and 4, *supra,* and were never convicted under Count 1 of the indictment where all were informed against as principals. There is nothing here to show whether Allen Langston or Allen Findley were ever tried on Count 1, *supra,* or if the State desires to place them or either of them on trial thereunder or to enter an order of *nol proseque.* We do know that the petitioner was informed against as a principal with others and what disposition was made of the charges under Count 1, *supra,* as to the remaining principals is not material here.

We have examined the cases of Pierce v. State, 130 Tenn. 24, 168 S. W. 851; Ray v. State, 102 Ark. 594, 145 S. W. 881; Reed v. Commonwealth, 125 Ky. 126, 100 S. W.

856; Ogden v. State, 78 Am. Dec. 754, 1 Wis. 532, and find that these cases appear to follow the common law rule of accessories and have no statute like Section 7111 C. G. L., under which petitioner here was tried and convicted. Neither do they sustain the doctrine of constructive presence as approved by this Court in the case of Pope v. State, 84 Fla. 428, 94 So. 865.

The petition for a writ of habeas corpus is hereby denied.

TERRELL, C. J., and WHITFIELD, BUFORD and THOMAS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting)—I cannot agree to the holding that petitioner, Mary Vann, was informed against as a principal. She was informed against as "accessory before the fact to the crime of attempt to commit murder in the first degree" as "a substantive felony," under section 7111 of Comp. Gen. Laws. I think it is important that the well settled distinctions between principals in the first degree. principals in the second degree and accessories before the fact, should be preserved. See Neumann v. State, 116 Fla. 98, 156 So. 237. Nor can I concur in the conclusion reached that 'the petition for habeas corpus should be denied. I still retain the views expressed by me in my dissenting opinion in the case of Mary Vann v. State, 131 Fla. 688, 170 So. 768, when this case was before the court on writ of error. The facts stated therein are substantiated by the record now before us.

## ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing seven grounds or reasons are advanced for a rehearing in this cause. An inspection of the transcript, the original opinion, and the opinion denying a petition for a writ of habeas corpus, in connection with the seven grounds or reasons urged for a

rehearing, it becomes apparent that no new questions are presented that have not been fully considered and passed upon by the court in its decisions in the case at bar. We do not feel that it is necessary to go into the different questions previously considered and decided adversely to the contentions of the petitioner. Each and every question raised on petition for rehearing having been fully settled and decided adversely to petitioner, it logically follows that the petition for rehearing should be and is hereby denied.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN, and THOMAS, J. J., concur.

BROWN, J., dissents.