## ANN DUKE v. STATE

188 So. 124.
Division B.
Opinion Filed April 11, 1939.
Rehearing Denied May 3, 1939.

514

*Magaha & Wood,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—Plaintiff in error, Ann Duke, was convicted in the Circuit Corut of Lee County, Florida, as an accessory before the fact for criminal trespass by cutting and carrying away pine and cypress timber of the value of $500.00 from the South Half of South East Quarter of Section 8, Tp. 46, South, Range 25 East, located in Lee County, Florida, and property of Peninsula Realty Investment Company. Several colored men working for Ann Duke in cutting and removing the timber were likewise informed against. On February 2, 1938, she was adjudged guilty and sentenced to pay a fine and from this judgment of conviction she has perfected an appeal to this Court.

One of the first assignments here is that the information is fatally defective. It is in one count and drawn under Sections 7111, 7384 and 7396, C. G. L. The trial court, after argument, overruled and denied a motion on the part of counsel for plaintiff in error to quash the information. Likewise a plea in abatement filed by the defendant raised or presented to the trial court defects in the information, but, after argument of counsel, a demurrer interposed by the State through the State Attorney and directed to the plea in abatement was sustained. It is the contention of Counsel for plaintiff in error that as she was informed against as an accessory before the fact, she could not be placed upon trial under the information until the principals named in the information had been placed upon trial, convicted, and a judgment of conviction lawfully entered of record against them. In support of this contention they rely on and cite McGahagin v. State, 17 Fla. 665, and Neumann v. State, 116 Fla. 98, 156 So. 237. We have examined the case of McGahagin v. State and fail to appreciate its relevancy to the

information here under attack. It is not necessary to distinguish between the information now under consideration and the one in the McGahagin case, *supra.* In the case of Neumann v. State, *supra,* the two counts' under which he was convicted and sentenced were susceptible to the construction that Neumann was present and aiding in the commission of the felony charged in the information by counseling and hiring the commission thereof. It was held that the two counts of that information were vague, indefinite and so indistinct as to mislead the accused. He did not know and the information fails to allege whether he was charged (a) as principal in the second degree; or (b) as an accessory before the fact. The information here is not subject to such vice or defects. While the information could be improved upon, we do not believe it is fatally defective. In the case of Kauz v. State, 98 Fla. 687, 124 So. 177, it was held that the question of presence, actual or constructive, is the determinative factor between an accessory before the fact and a principal in the second degree. This distinction should be clearly observed and the allegations of an information or indictment on this point should be clear and distinct and free from ambiguity. This information is not subject to attacks made. See Vann v. State, 131 Fla. 688, 179 So. 768; Whiting and Farris v. State, 97 Fla. 693, 122 So. 2; Section 7111 C. G. L.

When the State rested its case, the record shows that counsel for the defendant moved the court to direct the jury to render a verdict of not guilty on the grounds (a) the evidence failed to show that a felony had been committed; (b) the State had failed to establish that the timber involved was worth fifty dollars or more; (c) the evidence was insufficient to support a verdict of conviction. The motion was overruled and denied by the trial court, and this adverse ruling is assigned as error. It is clear that this assignment

presents the question of the sufficiency of the evidence to sustain the verdict. We have carefully read the evidence adduced at the trial. The title to the land and timber is admitted to be in Peninsular Realty Investment Company. The defendant admitted to several of the witnesses that her darkies cut the timber. The two points in dispute are (a) the value of the timber involved; (b) did the defendant buy and pay Mr. Thompson for the timber? The evidence shows that the value of the timber in question ranged from some $10.00 to $95.00. The jury could have found from the evidence that the pine and cypress ties were of the value of $95.00 or less. The defendant showed that she paid the sum of $100.00 to a Mr. Thompson for some timber which she thought or believed was the timber involved here. The records appearing in the office of the Clerk of the Circuit Court of Lee County could have been examined by plaintiff in error and the question of the title or ownership of the timber fully settled prior to her going upon the lands with her employees, but she took no steps along these lines.

If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence to prove the issues, it should be submitted to the jury as a question of fact to be determined by them and not taken from the jury and passed upon by the court as a question of law. See Cameron, etc. Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Florida Cent. etc. R. Co. v. Williams, 57 Fla. 406, 20 So. 558; Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433; L. R. A. 1916C 1208; Bass v. Ramos, 58 Fla. 161, 50 So. 945; 145 Am. St. Rep. 105; Wood Lbr. Co. v. Gipson, 63 Fla. 316, 58 So. 364; Paul v. Commercial Bank, 69 Fla. 62, 68 So. 66; Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 So. 195; Williams v. Sherry, 94 Fla. 998, 114 So. 849; German-American Lbr.

Co. v. Brock, 55 Fla. 577, 46 So. 740; Atlantic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 So. 946. See also Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916C 163; Gunn v. Jacksonville, 67 Fla. 40, 64 So. 435; Davis v. Ivey, 93 Fla. 387, 112 So. 264; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Jacksonville v. Glover, 69 Fla. 701, 69 So. 20; Gravette v. Turner, 77 Fla. 311, 61 So. 476; Gulf Refining Co. v. Ankeney, 102 Fla. 151, 135 So. 521.

It is next contended that the lower court erred in charging or instructing the jury on the law controlling the case at bar. We have carefully considered the entire charge in light of the objections made by counsel for plaintiff in error. If the charge of the court is considered as an entirety, it appears that the law controlling the issues before·the jury was well presented. While it is true that given portions of the charge could be assigned and briefed as error and convincing argument presented, but the rule controlling this court as to error based on instructions to the jury is that the charges assigned as error should be considered in the light of the entire charge given. In the case of Lewis v. State, 55 Fla. 54, 45 So. 998, the rule is well expressed when this Court said:

"It is settled law in this court that in passing upon a singled instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered the law appears to have been fairly presented to the jury, and an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities therein cited; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Atlantic Coast Line R.

Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761; Cross v. Aby, decided at this term. It is also settled law here that where an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if previous or subsequent charges or instructions are given containing the required qualifications or exceptions. It is not required that a single instruction should contain all the law relating to the particular subject treated therein. Atlantic Coast Line R. Co. v. Crosby, *supra,* and authorities therein cited."

We have considered each assignment of error and feel that substantial justice was awarded in the lower court. The judgment appealed from is affirmed.

TERRELL, C. J., and WHITFIELD and BUFORD, J. J., concur.

BROWN, J., not participating.

Justice THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.