The appellants, Robert G. Dalton and John C. Dalton, were informed against by an information charging Robert G. Dalton with the crime of murder in the first degree and charging John C. Dalton, in the first count, with aiding, abetting, counselling, hiring, assisting and otherwise procuring Robert G. Dalton to commit said crime; and, in the second count, with being an accessory before the fact to said crime. They were tried jointly, convicted of murder in the first degree, with recommendation of mercy, adjudged guilty and sentenced to life imprisonment by the trial judge, from which convictions and judgments, appeal has been perfected here.
The evidence showed that the Daltons, who were brothers, had knowledge that one Richard Vaubel was carrying $1,000 around in his wallet, and they planned together to steal the money from him. Under their plan, Robert Dalton was to approach Vaubel and take the money, while John's role was to keep Vaubel's roomer, one John McClintock, out of the way while Robert was getting the money.
Their design was carried out as planned, and during the course of the robbery, Vaubel was killed by Robert Dalton. Both brothers, prior to the trial, confessed their *Page 175 
part in the plan to rob Vaubel, which resulted in his death; and, at the trial, neither offered any evidence in their own defense. Both of the defendants did, however, testify in the absence of the jury as to the circumstances surrounding the making of their confessions.
The appellants, in their brief, have argued only two questions: (1) the admissibility of the confessions, and (2) the denial by the trial judge of certain special charges requested by counsel for appellants. In accordance with the settled practice of this court, we will consider only those questions which have been argued here.
As to the confessions, appellants contend that they were inadmissible because induced by "the hope of reward and fear," and because they were made only after appellants had been held incommunicado for part of two nights and one day. As to their contention with respect to "the hope of reward and fear," this issue was squarely met by the State. In the absence of the jury, the State offered the testimony of the Sheriff of Walton County, two deputy sheriffs, and the State Attorney, to show the circumstances surrounding the confessions, all of whom testified that defendants were told that they did not have to make any statement, that anything they said could be used against them, and that there were no promises of reward or leniency, or any threats or abuses, made to either defendant.
As to the contention that the confessions were inadmissible because made after defendants were held incommunicado for part of two nights and a day, we find no merit to this contention. The defendant John Dalton and John McClintock, Vaubel's roomer, were arrested at around midnight on a Sunday night, and John Dalton confessed to his part in the crime on the following night, Monday, around midnight. The evidence given by John Dalton, in the absence of the jury, shows that he made his confession because he wanted to protect an innocent man, to wit, John McClintock, and because he thought the evidence was pointing to himself as the actual killer of Vaubel, although he also contended that he was moved by the hope that things would "go lighter" with him, if he confessed.
Robert Dalton was arrested at about 2:00 o'clock early on Tuesday morning, shortly after John Dalton had confessed and implicated Robert, and Robert confessed to his part in the crime on Tuesday afternoon. Robert was allowed to talk with his wife, his brother John, another brother Arthur, and a physician.
Neither defendant claimed to have been abused, coerced, or intimidated in any way during the time they were being held for questioning. Neither defendant claimed that he was treated in any but the fairest and most considerate manner by the officers.
It is our conclusion that the confessions were freely and voluntarily made, and that the trial judge properly admitted them in evidence.
As to the denial of the special charge requested by counsel for appellants, it is not alleged, nor is it shown by the record, that such charge was requested, and an objection filed to the refusal to give such charge, prior to the time the jury retired. There is, therefore, nothing before this court to put the trial judge in error on this point. Section 918.10(4, 5) F.S.A.; Febre v. State, 158 Fla. 853, 30 So.2d 367. And even if the request and objection had been timely made, there was no error in the trial judge's refusal to give the charge, which, among others, requested him to charge, with respect to the degree of guilt of John Dalton, that "the evidence must also show to your satisfaction and beyond a reasonable doubt that he himself had a premeditated design to effect the death of the person killed, or that he knew or believed that such other actual perpetrator intended to kill and murder the deceased." See In re Vann,136 Fla. 113, 186 So. 424, and cases therein cited.
Affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur. *Page 176