THOMAS, Justice.
In an indictment signed by the State Attorney of the Fifteenth Judicial Circuit, it was charged that the appellant killed one Sarah Jane Campbell by stabbing her with an ice pick and that his act effectuated a premeditated design to dispatch his victim. A jury found the appellant guilty without a recommendation of mercy and the judge sentenced him to death
The sufficiency of the evidence to sustain the verdict is presented by appellant’s assigning as error the denial by the court of a motion for directed verdict made at the conclusion of the state’s evidence. Duke v. State, 137 Fla. 513, 188 So. 124. Furthermore, when a sentence of death has been imposed the court is *251 ■obligated by Sec. 924.32(2), Florida Statutes 1955, and F.S.A., to examine the evidence to “determine if the interests of justice require a new trial, whether the ■insufficiency of the evidence is a ground •of appeal or not.”
At the outset we record that a qualified ■physician specializing in pathology testified that after the body of Sarah Jane Campbell was identified by a deputy sheriff of the county he proceeded to examine it for wounds. In addition to many abrasions, scratches and bruises he found ■in the chest and arms 29 small, sharp “stab wounds,” that were round or oval, averaging Jieth of an inch in diameter. The heart and liver and both lungs had been pierced hy the instrument used and death had been the result. The physician said the wounds were caused by a round, sharp instrument, •such as an ice pick, which was then shown him, and that because of their shape and size they could not have been caused by a knife.
In the course of the presentation of the evidence relied upon by the state to support the charge of murder in the first degree the confession of the appellant was admitted. The court seems to have followed meticulously the procedure approved by this court in Williams v. State, 156 Fla. 300, 22 So.2d 821, and Graham v. State, Fla., 91 So.2d 662, by excusing the jury while the person to whom the appellant confessed described the circumstances under which the statement was made so the court could determine whether or not the statement was freely and voluntarily made, hence admissible. And although such procedure was not indispensable to the admissibility of the confession, Rollins v. State, Fla., 41 So.2d 885, the officer who received it told the appellant, before the appellant detailed the homicide, said he committed it, and described the weapon he used, that he was not required to give damaging information, and that if he did the information might be used against him.
A study of the record on this aspect of the case convinces us that the judge properly performed his function and correctly ruled that the jury should hear what the appellant had revealed.
The appellant said he killed the woman because he was jealous and that the weapon was an ice pick which he offered to produce. Soon after, he led the deputy sheriff and the chief of police to a place near the scene of the crime, found the ice pick and handed it to the officers. The deputy sheriff marked the weapon and retained it in his possession until he presented it at the trial.
Although the appellant took the witness stand and denied that he killed Sarah Jane Campbell, or had any reason to kill her, the overwhelming evidence of the witnesses for the state, buttressed by the statements of the appellant freely and voluntarily made to the officers, established the murder of the woman by the appellant in the manner charged and further proved that the appellant carried out his murderous design because he was so enamored of the woman that he chose to kill her rather than to have her live with her own husband.
The testimony of the physician, which we have already summarized, so plainly demonstrated the vicious, heinous, nature of the assault that there could have been no reasonable doubt that at the outset the appellant fully intended to kill.
In arguing certain charges said by the appellant to have been improperly refused, a question with which we will presently deal, the appellant has injected two matters relating to the elements of the crime of murder in the first degree and we will comment on them regardless of our technical treatment of the charges to which he has referred. He claims a variance between the proof and the allegation of the indictment with reference to the weapon used. It is true that there was some evidence that the appellant during the period *252 immediately preceding the homicide was armed at one time with a fork and at another time with a butcher knife. But such apparent variations as to the weapons he wielded pale into insignificance when examined in the light of the description by the physician of the wounds inflicted, the story of the officer about being led by the appellant to the spot where he had thrown the ice pick, and by the statement of the appellant that it was the very instrument with which he slew Sarah Jane Campbell.
The other matter was the lack of proof that the offense was committed after premeditation, and not in the heat of passion on sudden impulse. There was abundant testimony the appellant had announced to at least two persons that he proposed to kill the woman, and the situation had grown so tense that his threats had been reported to the police who had warned him to desist from his campaign for the affections of his eventual victim lest he get into trouble.
In presenting another point, the appellant complains that the court erred in denying four requested charges but these charges appear only in his brief. We can find in the record no reference to charges he asked the court to give to the jury or, for that matter, any objections to charges given. That there is no obligation to consider this point is obvious from an examination of Sec. 918.10(4), Florida Statutes 1955, and F.S.A., declaring that “the giving or the failure to give an instruction” may not be assigned as error unless objection is made before the'jury retires to consider a verdict. Dalton v. State, Fla., 42 So.2d 174.
Even so, we have read the charges given and have concluded that the jury was fully and properly instructed on the law of the case.
A perusal of the record convinces us that the appellant was fairly tried and properly convicted, and that the sentence imposed upon him was justly deserved.
Affirmed.
TERRELL, C. J., and HOBSON, ROBERTS, DREW and THORNAL, JJ., concur.
O’CONNELL, J., not participating.