### JOE FINLEY v. STATE OF FLORIDA

14 So. (2nd) 844      June Term, 1943
July 13, 1943      Special Division B
Rehearing Denied September 14, 1943

*Wm. C. Pierce,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

TERRELL, J.:

Appellant was convicted on an information charging that he did receive stolen property knowing it to be stolen and that said property was the property of Saffold Brothers Produce Company, a corporation. He was sentenced to a term in the State Penitentiary and prosecutes this appeal to reverse that judgment.

It is first contended that the judgment should be reversed because the information alleges that the property stolen was the property of a designated corporation while the proof fails completely to prove such ownership.

It is quite true that the information alleges that the property belonged to "Saffold Brothers Produce Company, a corporation" while the evidence shows that it belonged to "Saffold Brothers Company, a corporation," "Saffold Produce Company," "Saffold Brothers or his Company" or some other similar designation. We are convinced from the whole record however, that the defendant was in no way embarrassed in his defense by reason of such proof. There was no objection raised to it during the trial; the appellant did not move to strike it nor was there a motion for directed verdict because of insufficiency of the evidence. We think the allegations and the proof were in substantial correspondence and that the objection comes too late at this time.

It appears that an oral and a written confession were admitted in evidence which were substantially identical. Before admitting the written confession an investigation was conducted in the absence of the jury to determine its admissibility of the oral confession. The second question assigns this as error.

The oral confession was made to J. B. Saffold one of the owners of the corporation from which the goods were stolen. The written confession was made to D. D. Stevens, a police officer. Both confessions were made at the jail soon after the arrest of defendant. It is admitted that the proper in-

vestigation was made in the absence of the jury before the written confession was introduced. The objection raised here to the admission of the oral confession was not raised in the lower court. At any rate under the facts shown, it could amount to nothing more than harmless error.

In this connection, appellant relies on McNabb v. United States of America and Anderson v. United States of America, decided March 1, 1943, by the Supreme Court of the United States, not yet reported.

We have examined these cases and find that they were decided on other than constitutional grounds guaranteeing fair and impartial trial and prescribe a rule of decision for the federal courts that we are not bound by and do not elect to follow. The confessions in those cases were also extracted under circumstances entirely different from those involved in the case at bar and for that reason, are not applicable.

The only other question is whether or not the evidence is sufficient to sustain the verdict and judgment.

We find that there was ample legal evidence to support the judgment and we find no showing whatever that the jury was controlled by consideration outside the evidence. In this situation, there is no basis for a new trial.

Affirmed.

BUFORD, C. J., BROWN and ADAMS, JJ., concur.