DeWitt Rollins was convicted of murder in the first degree, and he appeals.
Judgment affirmed.
Appellant was tried and convicted of murder in the first degree, the verdict being qualified with a recommendation to mercy. The victim was appellant's wife. He was sentenced to the penitentiary for his natural life and comes here by appeal, seeking relief from the judgment imposed on him.
It is first contended that certain extra-judicial confessions made by appellant were erroneously admitted in evidence because no warrant had been secured for his arrest, that he had not been carried before a magistrate and warned of his legal rights and that said confessions were not freely and voluntarily made at a time when appellant was physically and mentally competent to make them.
To support the first phase of this question appellant relies on Daniels v. State, 57 Fla. 1, 48 So. 747; Howell v. State, 66 Fla. 210, 63 So. 421; McNish v. State, 45 Fla. 83, 34 So. 219, 110 Am.St. Rep. 65; McNabb v. United States, 316 U.S. 658, 62 S.Ct. 1305, 86 L.Ed. 1736, and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. —. The answer to this contention is that the McNabb and Upshaw cases apply only to Federal procedure and do not pretend to impose the doctrine announced by them on State procedure. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140. As to the Daniels and other Florida cases, cited, this Court is unequivocally committed to the rule that warning is not a prerequisite to the admission in evidence of a voluntary extra-judicial confession. McDonald v. State, 70 Fla. 250, 70 So. 24; Stoutamire v. State, 133 Fla. 757, 183 So. 316; Louette v. State, 152 Fla. 495, 12 So.2d 168. The confessions involved in the Daniels and other cases relied on were judicial confessions.
It is not amiss to point out in this connection that we have refused to apply the doctrine of the McNabb case in this State. Finley v. State, 153 Fla. 394, 14 So.2d 844. We are concerned here solely with Florida procedure. We are not unmindful of the fact that fair and impartial trial as contemplated by the constitution depends on the observance of procedural safeguards, but we fail to find that any of these were overlooked or abused in the trial of appellant. On the point of whether or not the confessions were freely and voluntarily made, there is not the slightest suggestion of intimidation, coercion or the use of third degree methods to secure them. The record is devoid of any showing that appellant was not in possession of his faculties at the time the confessions were made or that he was not physically and mentally competent at the time to make them.
As to whether or not the requirements of Sections 901.23 and 902.01, Florida Statutes 1941, F.S.A., were observed when appellant was arrested, it is sufficient to say that the record does not disclose when he was carried before a magistrate or when the warrant for his arrest was secured. The statute merely requires that this be done "without unnecessary delay." The deputy sheriff who made the arrest did not remember the date but believed the warrant was sworn out the day the arrest was made. There was no other testimony on the point and there is no showing whatever that any harm resulted, so the presumption is that the requirements of the statute were followed. Certainly in this state of the record, we would not hold that the confessions were erroneously admitted in evidence. *Page 887 
The only other question we deem necessary to discuss is whether or not the evidence was sufficient to sustain a verdict of murder in the first degree.
It is quite true that the extra-judicial confession was the strongest direct and positive evidence in support of the verdict. The confession was made to deputy sheriff Hogan Parish on Tuesday, May 18th after the homicide was committed on Sunday night May 16th. On Thursday, May 20th, the confession was made to Sheriff Sinclair and later to Olin A. Wilkinson, brother of the deceased. The confession to the sheriff was a clear admission that appellant murdered his wife, and while the confession to Parish and Wilkinson is slightly different in some phases from that to the sheriff, when taken as a whole, no inference could be drawn from it other than that appellant committed the crime. The slight variations in verbiage are not material here.
The circumstantial evidence also points strongly to appellant's guilt. He attempts in more ways than one to exculpate himself, but his ruses designed for this purpose fall flat. He first accused his wife of derogatory threats and intimated that she brained him with the gun, then he said he picked up a hitch-hiker who committed the crime, but all the mute evidence, such as the blood in the car where the murder was committed, the circumstances surrounding the locale of the tragedy, the condition of the one, five and ten dollar bills found in the car after the death, fortify his confession. At any rate, the jury had all the evidence before it and we are convinced that they appraised it correctly.
There is ample showing that appellant was in a nervous and distraught condition after he was placed in jail, he was hazy as to some places of the transaction and several witnesses testified that his "mind was off", but there is no showing whatever that he was struggling with a brainstorm when he committed the act or that he was under the influence of what has been lately denominated the "truth serum" and thereby unconsciously gave evidence that had the effect of incriminating him. Herzog, Medical Jurisprudence, page 345, par. 472. The realm of the subconscious mind is not to be explored by the jury in search of evidence to support a criminal conviction, and the court should not permit it to be done. Most any one charged with and apprehended for such a heinous offense might be mentally undone when time enough has lapsed for remorse to set in. It may well be that the evidence on this point produced the recommendation to mercy. In cases like this, society as well as the individual has some safeguards to be preserved and the line between them is sometimes nebulous, but they were not so in the case at bar.
Several other questions are urged for reversal but they are devoid of merit. The judgment appealed from is therefore affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur. *Page 888