140 So.2d 97 (1962)
Willie YOUNG, Alias Booster Young; Calvin W. Thomas, Alias Pop Thomas; and Harold Simon, Alias Jackie Simon, Appellants,
v.
STATE of Florida, Appellee.
No. 31409.
Supreme Court of Florida.
April 4, 1962.
Rehearing Denied May 9, 1962.
Carl G. Swanson, Jacksonville, for appellants.
Richard W. Ervin, Atty. Gen., B. Clarke Nichols, Asst. Atty. Gen., and William A. Hallowes, III, State Atty., for appellee.
TERRELL, Justice.
June 23, 1960, Willie Young, alias "Booster" Young, Calvin W. Thomas, alias "Pop" Thomas, and Harold Simon, alias "Jackie" Simon, were indicted by the grand jury of Duval County, for murder in the first degree, in that they did on the 9th day of June, 1960, in the county aforesaid unlawfully and from a premeditated design kill Eugene Arnold Richardson by shooting him to death with a pistol.
*98 July 11, 1960, defendants were arraigned and each entered plea of not guilty. Willie Young entered the additional plea of not guilty by reason of insanity. On the same date the court entered an order of insolvency, appointed counsel to represent defendants and set the cause for trial September 12, 1960. Willie Young was examined by Dr. Gary E. Turner, psychiatrist, and by Dr. Merton Ekwall and Dr. Dell Lebo. The state had Willie Young examined by Dr. McCullagh. August 29, 1960, Dr. McCullagh found that Willie Young was not insane at the time of the alleged murder of Eugene Arnold Richardson and was not presently insane. The report of his examination of Willie Young was made part of the court file in this case.
September 7, 1960, the court conducted a hearing to determine the competency of Willie Young. As a result of this hearing the court found defendant, Willie Young, to be sane and mentally competent to make a rational defense to said indictment. The trial of defendants was commenced September 20, 1960, and resulted in a verdict of guilty of murder in the first degree without recommendation to mercy as to each defendant. Motion for new trial was seasonably filed and was denied October 26, 1960. The court entered judgment finding defendants, and each of them, guilty of murder in the first degree without recommendation to mercy and sentenced them to death by electrocution.
From the said judgment this appeal was prosecuted.
It is first contended by the appellants that an alleged confession may not be admitted in evidence over defendant's objections when his or their constitutional rights have been violated in three particulars, viz.: (1) Arrest without a warrant; (2) failure to advise defendants of their constitutional rights and (3) failure to take them immediately before a committing magistrate.
In support of their contention on this point, appellants rely on § 901.23, Florida Statutes, F.S.A., which in substance requires that when an arresting officer takes one in custody without a warrant, he shall without unnecessary delay take such person before the nearest or most accessible magistrate. Section 902.01, Florida Statutes, F.S.A., requires said magistrate to advise the accused of his constitutional rights. Appellants contend that failure to comply with these two statutes would render their confessions inadmissible even though voluntarily given.
To support this contention appellants rely on McNabb v. United States, 318 U.S. 332, 333, 63 S.Ct. 608, 87 L.Ed. 819, having to do with the interpretation of a federal statute similar to § 901.23, Florida Statutes, F.S.A. The McNabb case was later modified or clarified by United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140; Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. One reading all these federal cases may be in doubt as to the exact rule they promulgate, however, he will have no doubt that it is a rule of federal procedure to be followed by the federal courts and has no binding effect on the courts of this or any other state. See also Sie Dawson v. State, Fla., 139 So.2d 408.
The federal rule governing the admissibility of confessions has never been approved by the courts of this state. The rule in Florida requires that a judicial confession be proffered to the trial judge in a judicial proceeding and in the absence of the jury to determine whether or not it was freely and voluntarily made. In such a proceeding, the trial judge resolves conflicts in the evidence. If the judge is satisfied that the confession was freely and voluntarily made, such foundation for admission of the confession is presented to the jury who consider it as evidence in the cause. Thomas v. State, Fla. 1957, 92 So.2d 621, cert. den. 354 U.S. 925, 77 S.Ct. 1389, 1 L.Ed.2d 1440; Sykes v. State, 78 Fla. 167, 82 So. 778. This rule stands *99 despite the fact that the incriminating statements are made while the accused is under arrest, and even though the officer did not warn the accused that what he might say could be used against him. Louette v. State, 152 Fla. 495, 12 So.2d 168; Stoutamire v. State, 133 Fla. 757, 183 So. 316.
This question was thoroughly considered by this court in the recent case of Leach and Smith v. State, Fla. 1961, 132 So.2d 329, opinion by Mr. Justice Thornal, wherein the distinction between judicial and extra-judicial confessions was clearly defined. In that case we held that when confessions are made to law enforcement officers and not in a judicial proceeding, it is not essential that the officer first warn the accused that anything he may say can be used against him. Phillips v. State, 88 Fla. 117, 101 So. 204; Cullaro v. State, Fla.App. 1957, 97 So.2d 40. The Leach and Smith case disposes of the challenge to the confessions in this case contrary to the contention of appellants. Finley v. State, 153 Fla. 394, 14 So.2d 844; Singer v. State, Fla. 1959, 109 So.2d 7. In the case at bar we are concerned with extra-judicial confessions made voluntarily to law enforcement officers immediately after the defendants' arrest. We held in this case that the McNabb rule was not essential to due process.
Appellants do not contend that the trial court did not have before him sufficient, competent, substantial evidence from which to find that the confessions were given freely and voluntarily, in the absence of coercion, rewards, threats, force or violence. Their contention is that this court should abandon its present rule and adopt the federal rule as stated in the McNabb and other cases. They offer no cogent reason for receding from what has long been the rule in this state.
After all is said, the test as to the verity of a confession is whether or not it was freely and voluntarily made. Did it come from the free will of the accused or was he compelled by unlawful means to make the confession? This question having been ruled on by the trial court in the absence of the jury, the jury having had it seasonably submitted to them under appropriate instructions from the court and both the court and the jury having before them competent, substantial evidence upon which they could find that appellants had voluntarily confessed, we find no reason to reverse them and by so doing, recede from the present rule governing the question.
The second point urged by appellants is whether or not the trial court committed error in refusing to admit evidence as to mentality of appellant Willie Young where there is no showing that such evidence would tend to prove that the appellant was incapable of distinguishing right from wrong.
Dr. Gary E. Turner, offered as witness for the defendant, testified that he gave Willie Young I.Q. tests and that such tests are designed to determine the degree or grade of intelligence of one to whom they are given. The state objected to further questioning on this point for the reason that I.Q. tests do not go to the ability of appellant to determine right from wrong but go merely to the degree of his intelligence. Appellants then proffered the testimony of Dr. Turner which was to the effect that Willie Young had a very low I.Q. which would affect not the quantity but the quality of his thinking and would affect his ability to premeditate beyond the immediate effect of the object which he was attempting to accomplish. The trial court sustained the objection of the state to this testimony. Dr. Turner then testified in the presence of the jury about his examination of Willie Young. It was his conclusion that appellant was "probably" able to differentiate between right and wrong on the date of the alleged crime for which he was charged.
When the testimony proffered by appellant is weighed in connection with that later given by the doctor, it is clear that *100 such testimony went solely to the quality of appellant's thinking and not to his ability to distinguish right from wrong, or even to form an intent to commit a particular act. Tests and research in I.Q. (intelligence quotient) reveal that it shows primarily one's skill in the use of words and numbers and that it is no indication of one's reasoning power, imagination, originality, creative ability, yen for leadership, scientific capacity or ability in many other fields of endeavor. Neither is it a fixed and static quality that remains constant. It was accordingly immaterial to the issues in this cause. When a defendant in a criminal case in this state relies on the defense of insanity, the issue is limited to whether or not the defendant has the ability to distinguish right from wrong and to know that the act he is charged with committing was wrong. The test does not depend on the intelligence, education or general mental capacity of the accused. Everett v. State, Fla. 1957, 97 So.2d 241; Piccott v. State, Fla. 1959, 116 So.2d 626; Hoyt v. State, Fla. 1959, 119 So.2d 691; Stanton v. State, 148 Fla. 732, 5 So.2d 4; Daugherty v. State, 154 Fla. 308, 17 So.2d 290; Fisher v. United States, 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382; People v. Marquis, 344 Ill. 261, 176 N.E. 314, 74 A.L.R. 751; Commonwealth v. Belenski, 276 Mass. 35, 176 N.E. 501; State v. Flowers, 58 Kan. 702, 50 P. 938; Herzog's Medical Jurisprudence (1931), p. 468.
It is last contended that the trial court should have granted a motion for new trial alleging that the prosecuting attorney made an inflammatory statement to the jury which in effect charged the defendants had "lead a life of crime."
It is proper to state that the arguments of the state attorney and his assistant were not taken and reported by the court reporter at the trial and are not included in the record. The remarks charged to counsel are shown by way of recitation in the motion for new trial and by objection made by defense counsel after the jury retired. They are not evidence of the truth of the allegations. Taylor v. State, 88 Fla. 555, 102 So. 884; Fogler v. State, 96 Fla. 68, 117 So. 694; Henderson v. State, 94 Fla. 318, 113 So. 689; Hayden v. State, 150 Fla. 789, 9 So.2d 180; Norris v. State, 150 Fla. 686, 8 So.2d 493.
Averments of motions for new trial are not self-supporting. White v. State, 121 Fla. 128, 163 So. 403; Hulst v. State, 123 Fla. 315, 166 So. 828; Holloman v. State, 140 Fla. 59, 191 So. 36. In Smith v. State, 57 Fla. 24, 48 So. 744, the court said:
"The assertions of facts contained as grounds of a motion for new trial are not self-varying before an appellate court and, unless the truth of such assertions is elsewhere properly disclosed by the record, an appellate court cannot consider assignments of error predicated thereon."
It is true that long after arguments to the jury were concluded, after the charge of the court to jury was completed and the jury had retired, attorney for Young and Thomas moved the court for a mistrial on the ground that Mr. Gordie, assistant state attorney, in his argument used the phrase "these defendants in their life of crime," and on the further ground that the state attorney in his argument when discussing a certain phase of the law of the case and a charge as to the law which would be given by the court, said "it is so, or else the court would not have let me do it."
It is not shown that defendant raised objection to any such alleged improper argument at the time it was made consequently no ruling was made by the court during the arguments. The only place in the record showing the alleged remarks is in defendant's motion for new trial and this is controverted by the state attorney and the assistant state attorney. The record on appeal also contains a statement by the trial judge that he had no recollection of any such statement made by the *101 state attorney or the assistant state attorney.
The most conclusive doctrine we have found against considering assignments based as this one is, is found in Hulst v. State, supra, which concludes with the statement, "so there is nothing in the record regarding the statement said to have been made by the state attorney which this court can review." See also Brooks v. State, Fla. 1953, 64 So.2d 914. In compliance with § 924.32(2), Florida Statutes, F.S.A., we have read the evidence and do not find that the ends of justice require a new trial.
The judgment appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C.J., and THOMAS, DREW, THORNAL, O'CONNELL and HOBSON (Ret.), JJ., concur.