Willie YOUNG, Calvin Thomas and Harold Simon, Appellants,

v.

L. L. WAINWRIGHT, Director, Division of Corrections, et al., Appellees.

No. 20952.

United States Court of Appeals Fifth Circuit.

Jan. 9, 1964.

Francis G. Weller, New Orleans, La., Carl G. Swanson, Jacksonville, Fla., for appellants.

Richard W. Ervin, Atty. Gen., James G. Mahorner, Asst. Atty. Gen., State of Florida, Tallahassee, Fla., for appellees.

Before RIVES, JONES and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

The appellants were convicted in the Circuit Court of Duval County, Florida, of murder in the first degree, and were sentenced to death by electrocution. The judgment and sentence as to each of them was affirmed by the Supreme Court of Florida. Young, et al. v. State of Florida, Fla.1962, 140 So.2d 97.

At the trial a written confession by each was introduced in evidence over the objection of each defendant. The grounds of objection preserved for review their first contention made in the Supreme Court of Florida and ruled on by that Court as follows:

"It is first contended by the appellants that an alleged confession may not be admitted in evidence over defendant's objections when his or their constitutional rights have been violated in three particulars, viz.: (1) Arrest without a warrant; (2) failure to advise defendants of their constitutional rights and (3) failure to take them immediately before a committing magistrate.

"In support of their contention on this point, appellants rely on § 901.-23, Florida Statutes, F.S.A., which in substance requires that when an arresting officer takes one in custody without a warrant, he shall without unnecessary delay take such person before the nearest or most accessible magistrate. Section 902.01, Florida Statutes, F.S.A., requires said magistrate to advise the accused of his constitutional rights. Appellants contend that failure to comply with these two statutes would render their confessions inadmissible even though voluntarily given.

"To support this contention appellants rely on McNabb v. United States, 318 U.S. 332, 333, 63 S.Ct. 608, 87 L.Ed. 819, having to do with the interpretation of a federal statute similar to § 901.23, Florida Statutes, F.S.A. The McNabb case was later modified or clarified by United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140; Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. One reading all these federal cases may be in doubt as to the exact rule they promulgate, however, he will have no doubt that it is a rule of federal procedure to be followed by the federal courts and has no binding effect on the courts of this or any other state. See also Sie Dawson v. State, Fla., 139 So.2d 408.

"The federal rule governing the admissibility of confessions has never been approved by the courts of this state. The rule in Florida requires that a judicial confession be proffered to the trial judge in a judicial proceeding and in the absence of the jury to determine whether or not it was freely and voluntarily made. In such a proceeding, the trial judge resolves conflicts in the evidence. If the judge is satisfied that the confession was freely and voluntarily made, such foundation for admission of the confession is presented to the jury who consider it as evidence in the cause. Thomas v. State, Fla.1957, 92 So.2d 621, cert. den. 354 U.S. 925, 77 S.Ct. 1389, 1 L.Ed.2d 1440; Sykes v. State, 78 Fla. 167, 82 So. 778. This rule stands despite the fact that the incriminating statements are made while the accused is under arrest, and even though the officer did not warn the accused that what he might say could be used against him. Louette v. State, 152 Fla. 495, 12 So.2d 168; Stoutamire v. State, 133 Fla. 757, 183 So. 316.

"This question was thoroughly considered by this court in the recent case of Leach and Smith v. State, Fla. 1961, 132 So.2d 329, opinion by Mr. Justice Thornal, wherein the distinction between judicial and extra-judicial confessions was clearly defined. In that case we held that when confessions are made to law enforcement officers and not in a judicial proceeding, it is not essential that the officer first warn the accused that anything he may say can be used against him. Phillips v. State, 88 Fla. 117, 101 So. 204; Cullaro v. State, Fla.App.1957, 97 So.2d 40. The Leach and Smith case disposes of the challenge to the confessions in this case contrary to the

contention of appellants. Finley v. State, 153 Fla. 394, 14 So.2d 844; Singer v. State, Fla.1959, 109 So.2d 7. In the case at bar we are concerned with extra-judicial confessions made voluntarily to law enforcement officers immediately after the defendants' arrest. We held in this case that the McNabb rule was not essential to due process.

"Appellants do not contend that the trial court did not have before him sufficient, competent, substantial evidence from which to find that the confessions were given freely and voluntarily, in the absence of coercion, rewards, threats, force or violence. Their contention is that this court should abandon its present rule and adopt the federal rule as stated in the McNabb and other cases. They offer no cogent reason for receding from what has long been the rule in this state.

"After all is said, the test as to the verity of a confession is whether or not it was freely and voluntarily made. Did it come from the free will of the accused or was he compelled by unlawful means to make the confession? This question having been ruled on by the trial court in the absence of the jury, the jury having had it seasonably submitted to them under appropriate instructions from the court and both the court and the jury having before them competent, substantial evidence upon which they could find that appellants had voluntarily confessed, we find no reason to reverse them and by so doing, recede from the present rule governing the question." Young, et al. v. State of Florida, supra, 140 So.2d pp. 98, 99

The execution of the appellants was set for 8:30 A.M., Monday, October 7, 1963. At 7:45 P.M. on Saturday, October 5, an attorney presented to Honorable Bryan Simpson, Chief Judge of the United States District Court for the Middle District of Florida, their petition for the writ of habeas corpus alleging as the ground therefor simply:

"1. That the State Courts did not follow procedural due process of law as enumerated under the due process clause of the State and Federal Constitutions."

Judge Simpson entered an order staying the execution of the appellants and setting the hearing on the petition for 2:00 P.M., Monday, October 7, 1963. At that hearing the petitioners' then attorney filed an amended petition for habeas corpus in which it was alleged:

" * * * That the illegality of their judgment and sentence is in the following particulars:

"A. That the State Courts did not follow procedural due process of law as enumerated under the Due Process of Law Clause of the State and Federal Constitutions in the following particulars:

"1. That your petitioners when taken into custody by the Police Department and Police Officers of the City of Jacksonville held and maintained the prisoners in custody without giving them the right to obtain counsel and kept said prisoners, your petitioners herein, in custody until after they had extracted from said petitioners a confession which said confession was used in trial against each of the defendants and as the basis for bringing the charge of Murder in the First Degree against your petitioners; that during the trial of the issues herein the Police Officers admitted on the witness stand that they did not advise the defendants of their right to have counsel and further admitted on the witness stand that when they had taken said petitioners into custody the officers did not take said prisoners to the nearest committing magistrate as is required by FLORIDA STATUTE 901.23 [F.S.A.] and further did not advise defendants of FLORIDA STATUTE 902.01 [F.S.A.] of the charge against them and

of their right to aid of counsel during preliminary examination. That by virtue of the aforesaid acts of the Police Officers the rights of your petitioners were denied as provided under the Due Process of Law Clause of the State and Federal Constitutions."

No evidence was introduced at the hearing. The respondents, appellees, produced a copy of the transcript of record on the appeal to the Supreme Court of Florida, and the following colloquy ensued:

"MR. MAHORNER [Respondents' Attorney]:

" * * * But here I have the Appellate record. We feel that the evidence is ample from which the finding that these confessions were voluntary could have been made by the State Court. I can leave this record here, as well as Appellants' Brief, wherein the Court can see that he did not raise an issue of voluntariness but that if—

"THE COURT:

"Well, I think that's conceded.

"MR. SWANSON [Attorney for Petioners]:

"That is conceded.

"THE COURT:

"By Mr. Swanson. I don't believe we have to study it. I'm glad to have it here. * * * "

Otherwise, the hearing before Judge Simpson consisted simply of arguments of counsel and of colloquies between the Court and counsel.

Judge Simpson denied the petition for the writ of habeas corpus, stating:

"By the amended petition and by the oral argument before the Court, the alleged illegality of the State detention of the Petitioners is made clear. The sole ground relied upon by the Petitioners for the issuance of the writ is the assertion that the State Courts have violated due process by refusing to follow the exclusionary rule with respect to confessions first enunciated in McNabb v. U. S., 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819], and developed in the Mitchell, Upshaw, and Mallory cases.

"It is stipulated by counsel for the respective parties that no claim was urged either in the trial court or in the Supreme Court of Florida upon appeal that the confessions of the Petitioners were not given freely and voluntarily and in the absence of coercion, rewards, threats, force or violence. The sole contention, as indicated, is that the McNabb-Mallory rule is applicable to criminal prosecutions in the State Courts of Florida.

"The Supreme Court of Florida refused to accept this view in the appeal of this case (reported as Young v. State, 140 S.[So.]2d 97), and has consistently refused to adopt such a rule beginning with Singer v. State [Fla.], 109 So.2d 7, and followed by Dawson v. State [Fla.], 139 S.[So.] 2d 408, and Leach v. State [Fla.], 132 So.2d 329.

"Nowhere in the Supreme Court cases developing the McNabb rule is it suggested that this rule is other than a procedural rule governing criminal trials in federal courts. During the 1960 term, the Supreme Court of the United States in Culombe v. Connecticut, 367 U.S. 568 [81 S.Ct. 1860, 6 L.Ed.2d 1037], refused to apply the McNabb exclusionary rule to a state prosecution. The conviction was set aside, upon the constitutional ground that the confession was not freely and voluntarily made, after the Court had expressly rejected the Petitioner's attempt to invoke McNabb.

"With respect to the jurisdiction of this Court to entertain the petition, it should be noted that the Supreme Court of Florida decided the appeal April 4, 1962, and denied rehearing May 9, 1962 [Young v. State of Florida, Fla., 140 So.2d 97]. Under the teachings of Fay v. Noia,

372 U.S. 391 [83 S.Ct. 822, 9 L.Ed. 2d 837], decided March 18, 1963, jurisdiction is not in this situation dependent upon the denial of a petion for writ of certiorari by the Supreme Court of the United States. It is also noted that no attack has been made upon the conviction by a petition for writ of habeas corpus addressed to the State Courts of Florida. Under Brown v. Allen, 344 U.S. 443 [73 S.Ct. 397, 97 L.Ed. 469], since the question was raised in the trial court and upon appeal, resort to habeas corpus proceedings in the state courts is not necessary to give this Court jurisdiction."

Subsequently, Judge, Simpson granted leave to appeal in forma pauperis and issued the certificate of probable cause contemplated by 28 U.S.C.A. § 2253.

The attorney representing petitioners in the district court did not appear for them on this appeal, and this Court appointed able counsel to represent the appellants. Upon this appeal, the appellees' counsel again produces the six-volume transcript of record on the appeal to the Supreme Court of Florida, but carefully delimits the purpose of its use as thus expressed in brief:

"The state has made available to the federal court the transcript of the trial proceedings; by letter of transmittal the state has clearly indicated that it is not the intent of the state to file such transcript so as to enlarge the scope of the issue presented by the appellants, but, rather, the sole purpose of making such transcript available is so that this Honorable Court may reassure itself after ruling on the question presented in the district court that the execution will not result in a miscarriage of justice. The state, by relinquishing its sole copy of the trial transcript, placed itself in a position of being unable to argue any issue involving evidence contained in the trial transcript and absent from the transcript of the hearing in the federal district court. The state feels that such action may be taken with impunity because judicial integrity will require that a reviewing court limit itself to a review of those issues actually presented to the court whose order is the subject of review."

While we have carefully read and examined all of the pertinent parts of that appellate record, we do not consider it properly a part of the record on this appeal, and shall not hereafter refer to it.

Able counsel appointed by this Court for the appellants seek to expand the scope of review, and earnestly argue that, on the basis of the appellate record we should hold the confessions inadmissible not only because of the failure to take the accused before a committing magistrate, but also because the confessions were coerced. It is, of course, true that "judgment as to legal voluntariness *vel non* under the Due Process Clause is drawn from the totality of the relevant circumstances of a particular situation." [1] These relevant circumstances would include the matters of which the appellants complained before the Supreme Court of Florida, and before the federal district court; that is, the failure to advise them of their constitutional rights to counsel and to remain silent, refusing to answer questions, and the failure to take them, without unnecessary delay, before a committing magistrate. Other relevant circumstances would be the age and experience or inexperience of each accused, his knowledge or ignorance of his rights, the degree of his intelligence,[2] the length, manner and circumstances of interrogation, and all other considerations tending to show whether his con-

1. Culombe v. Connecticut, 1961, 367 U.S. 568, 606, 81 S.Ct. 1860, 6 L.Ed.2d 1037.

2. It may be noted that the trial court refused to admit evidence that Willie Young had a very low I.Q., but that evidence was offered not on the admissibility of his confession but in support of the defense of not guilty by reason of insanity (see 140 So.2d 99, 100).

fession was free and voluntary, or was the product of coercion and duress.[3]

■■ The doctrine requiring the exhaustion of state remedies, now codified in 28 U.S.C.A. § 2254, is a rule of comity between courts relating to the appropriate exercise of power rather than to the existence of power or jurisdiction. Fay v. Noia, 1963, 372 U.S. 391, 419, 420, 421, 83 S.Ct. 822, 9 L.Ed.2d 837. We are not called on to decide whether the district court could have expanded the issues beyond the single narrow issue ruled on by the Supreme Court of Florida. Counsel employed by the accused made no such request. Orderly judicial procedure, coupled with a lack of a sufficient record, impels this Court of Appeals to review no more than the issues passed on by the district court. We do so, however, under the caveat that this ruling will be without prejudice to the consideration in any subsequent proceeding of the circumstances here relied on, along with any and all other relevant circumstances tending to show whether the confession of each of the appellants was free and voluntary, or was the product of coercion and duress.

■■ On the single narrow issue, we agree with the district court. As late as 1961, Mr. Justice Frankfurter said in Culombe v. Connecticut, 367 U.S. 568, 600, 601, 81 S.Ct. 1860, 1877, 1879, 6 L. Ed.2d 1037:

"The McNabb case was an innovation which derived from our concern and responsibility for fair modes of criminal proceeding in the federal courts. The States, in the large, have not adopted a similar exclusionary principle. And although we adhere unreservedly to McNabb for

federal criminal cases, we have not extended its rule to state prosecutions as a requirement of the Fourteenth Amendment. Gallegos v. Nebraska, 342 U.S. 55, 63–64 [72 S.Ct. 141, 96 L.Ed. 86] (opinion of Reed, J.); Brown v. Allen, 344 U.S. 443, 476 [73 S.Ct. 397, 97 L.Ed. 469]; Stein v. New York, 346 U.S. 156, 187–188 [73 S.Ct. 1077, 97 L.Ed. 1522]; cf. Lyons v. Oklahoma, 322 U.S. 596, 597–598 [64 S.Ct. 1208, 88 L.Ed. 1481], n. 2; Townsend v. Burke, 334 U.S. 736, 738 [68 S.Ct. 1252, 92 L.Ed. 1690]; Stroble v. California, 343 U.S. 181, 197 [72 S.Ct. 599, 96 L.Ed. 872]."

Some of the Justices would exclude any confession obtained during the period of unlawful detention. See Watts v. Indiana, 1949, 338 U.S. 49, 57, 69 S.Ct. 1347, 93 L.Ed. 1801, concurring opinion of Justice Douglas; Culombe v. Connecticut, 1961, 367 U.S. 568, 637–641, 81 S.Ct. 1860, 6 L.Ed.2d 1037] concurring opinion of Justice Douglas with whom Justice Black agrees. Under the present holding of the Supreme Court, however, even where state statutes require prompt presentment of the accused before a magistrate who shall advise him of his constitutional rights, failure to comply with such statutes, standing alone, and in the absence of other circumstances tending to show that the confession was not voluntarily given, is not such a denial of due process as to render inadmissible a confession obtained during the period of detention.

We find no reversible error, and subject to the caveat aforementioned, the judgment is

Affirmed.

---

3. Watts v. Indiana, 1949, 338 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801; Turner v. Pennsylvania, 1949, 338 U.S. 62, 69 S. Ct. 1352, 93 L.Ed. 1810; Harris v. South Carolina, 1949, 338 U.S. 68, 69 S.Ct. 1354, 93 L.Ed. 1815; Culombe v. Connecticut, 1961, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037; Haynes v. Washington, 1963, 373 U.S. 503, 516, 517, 83 S.Ct. 1336, 10 L.Ed.2d 513.