SPECTOR, Judge.
Appellants seek reversal of an order of the Circuit Court in and for Duval County, Florida, denying their petition, filed pursuant to former Criminal Procedure Rule One, F.S.A. ch. 924 Appendix to vacate the judgment of conviction and sentence of death by electrocution imposed upon each of them pursuant to a trial by jury on a charge of first degree murder.
During the trial of these appellants, pretrial confessions made by each of them were introduced into evidence over their objections. The sole contention upon which appellants rely for reversal of the trial court’s order herein appealed is that their confessions were not freely and voluntarily given in that they were obtained through duress and coercion.
It is to be borne in mind that the original trial of this cause occurred in 1960, some six years before the United States Supreme Court’s decisions in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; and Mirando v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, wherein that body decreed new standards by which courts must measure the admissibility of statements made during the course of police interrogations. Although the dictates of Escobedo and Miranda were held to be applicable only in post-Miranda and Escobedo cases by the high court’s ruling in Johnson *463 v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the latter case also held that persons would not be precluded from asserting that statements were taken from them in circumstances which violated the already existing proscriptions against coerced confessions. In Johnson, supra, at page 730, 86 S.Ct. at page 1779, the court stated:
“Thus while Escobedo and Miranda provide important new safeguards against the use of unreliable statements at trial, the nonretroactivity of these decisions will not preclude persons whose trials have already been completed from invoking the same safeguards as part of an involuntariness claim.
* * * * * *
“We have pointed out above that past decisions treated the failure to warn accused persons of their rights, or the failure to grant them access to outside assistance, as factors tending to prove the involuntariness of the resulting confessions. * * * ”
Appellants do not seem to rest their claim of coerced confessions upon allegations that they were subjected to any form of overt physical force exerted upon them to extract the confessions in question for this question was decided adversely to them by the jury and affirmed in Young v. State, 140 So.2d 97 (Fla.1962). They depend instead on the totality of circumstances surrounding or leading up to the giving of the confessions.
It has long been the right of an accused to invoke the claim that a confession has been obtained from him by the use of coercive means. The. Johnson case, supra, while holding that the old standards of vol-untariness now take “specific account of the failure to advise the accused of his privilege against incrimination or to allow him access to outside assistance,” Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963), is not authority for the proposition that these new factors standing alone are sufficient to warrant a finding of involuntariness.
The convictions of these appellants were affirmed on direct appeal by the Florida Supreme Court in an opinion reported in 140 So.2d 97. In that opinion, the court considered the appellants’ contention that the confessions used against them in evidence were inadmissible because they had not been taken to a committing magistrate and warned of their rights not to make any statements or their entitlement to counsel. In an opinion concurred in by all of the Justices, the court noted that the trial court had followed the Florida rule where-under the trial judge, sitting without a jury, had proffered before him the confession sought to be admitted in evidence and heard evidence on the question of whether the confession was freely and voluntarily made. Being satisfied as to its voluntariness as a matter of law, the trial judge then permitted the confession to be considered by the jury who considered it as evidence in the cause giving it such weight as the circumstances under which the confession was made warrant. The procedure had earlier been approved by the court in a series of cases cited in said opinion of affirmance. The same procedure for determining the voluntariness of a confession prior to admitting same into evidence that was followed in the case at bar was approved by the United States Supreme Court as recently as January, 1967, in Sims v. State of Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593.
We believe that the question of vol-untariness of the confessions in the instant case was correctly determined by the Supreme Court in Young v. State, supra, 140 So.2d at page 99, where it was stated as follows:
“After all is said, the test as to the verity of a confession is whether or not it was freely and voluntarily made. Did it come from the free will of the accused or was he compelled by unlawful means to make the confession? This *464 question having been ruled on by the trial court in the absence of the jury, the jury having had it seasonably submitted to them under appropriate instructions from the court and both the court and the jury having before them competent, substantial evidence upon which they could find that appellants had voluntarily confessed, we find no reason to reverse them and by so doing, recede from the present rule governing the question.”
We have again reviewed the record before us and find nothing therein which leads us to believe the confessions in question were not voluntarily given even when measured against the newly imposed standards of voluntariness announced in Johnson, supra, and Haynes, supra, as well as the more recent cases decided by the United States Supreme Court such as Clewis v. State of State of Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423; and Greenwald v. Wisconsin, 390 U.S. 519, 88 S.Ct. 1152, 20 L.Ed.2d 77, decided April 1, 1968. The only testimony in support of appellants’ contention that their confessions were involuntarily given is that given by appellants themselves and that testimony was in conflict with that given by numerous other witnesses. Nor does the record reveal any circumstances which might tend to detract from or give less credence to the testimony of the State’s witnesses supporting the finding of voluntariness made by a succession of courts in this case. Smith v. Heard, 5 Cir., 315 F.2d 692, and Padgett v. Wainwright, 387 F.2d 387 (5th Cir. 1967), make it clear that in such circumstances a defendant’s claim of involuntariness has not been sustained.
We hold that the trial judge correctly denied these appellants’ motion for postconviction relief upon the finding by said trial court that the confessions in question were fully considered by the court at the original murder trial and found by the trial judge to have been given voluntarily before they were submitted to the jury; and, further, that the jury considered the confessions and the amount of weight which should be accorded them under appropriate instructions from the court that they should be considered in light of all the surrounding circumstances at the time they were made. Accordingly, the order appealed is
Affirmed.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.