PER CURIAM.
Dennis Robert Hughes was convicted of first degree murder and sentenced to life imprisonment, and this appeal by the defendant ensued.
Appellant argued the judgment should be reversed because he was brought before the trial jury in what he contends was prison garb. We find no merit therein. The record shows the clothes he wore at the trial were not prison garb, but were his own clothing consisting of a work shirt and blue jean trousers. It appeared that the clothing he was wearing when taken into custody had been lost or misplaced by the police prior to the time of trial. However, on the second day of the trial the defendant was offered more conventional clothing but rejected it. The appellant con *22 tends he rejected the offered clothes because they did not fit. The record shows a refutation of that contention by the state with reference to the clothing- offered to the defendant.
 No error was committed by denial of defendant’s motion to suppress his oral confession. The record shows the defendant was warned of his constitutional rights, and that the confession was voluntarily made. As to whether the defendant’s capacity to understand was impaired by either lack of sleep or intoxication when he was warned of his constitutional rights, and while he was being interrogated by the police, the record shows conflicting evidence. Based thereon the trial court, as was its province, was entitled to hold the defendant was not so impaired. There was no unnecessary delay in presenting the defendant before a committing magistrate. The arrest of the defendant occurred in the early hours of a certain day and his confession was made before noon on that day. See Young v. Wainwright, 5 Cir. 1964, 326 F.2d 255; Outten v. State, Fla.App. 1967, 197 So.2d 594 (quashed on other grounds, Fla., 206 So.2d 392); Stevens v. State, Fla.App.1971, 251 So.2d 565. We have examined a remaining point presented by the appellant and do not find therein ground for reversal of the judgment.
Affirmed.