490 F.2d 96
 UNITED STATES of America ex rel. Willie YOUNG, Calvin Thomas
and Harold Simon, Petitioners-Appellants,
v.
L. L. WAINWRIGHT, Director, Division of Corrections, State
of Florida, et al., Respondents-Appellees.
No. 73-2065 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Feb. 20, 1974.
 
 Francis G. Weller, New Orleans, La. (Court-appointed), for petitioners-appellants.
 A. S. Johnston, Asst. Atty. Gen., Tallahassee, Fla., for respondents-appellees.
 Before BELL, GODBOLD and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Willie Young, Calvin Thomas and Harold Simon appeal from the denial of habeas corpus by the district court. The sole issue decided below was the voluntariness of the confessions which led to their 1960 Florida convictions for first-degree murder.[1] In an earlier proceeding, we held that the delay in bringing these petitioners before a committing magistrate did not render their convictions invalid, specifically reserving the issue of the voluntariness of their confessions under the 'totality of the circumstances' standard. Young v. Wainwright, 326 F.2d 255 (5th Cir., 1964). The prisoners pursued their state remedies to exhaustion after our remand. Young v. Florida, 213 So.2d 462 (D.C.A.Fla., 1968); Young v. Florida, 226 So.2d 416 (D.C.A.Fla., 1969). Failing in state court, they again came to federal court. The district court denied their petition after holding an evidentiary hearing, considering the record from all the previous proceedings and concluding that their confessions were voluntary.
 
 
 2
 The pertinent facts of this case are set out in the various opinions cited above. We have considered the voluminous records generated by the numerous opportunities for review of this question, and we conclude that the district court's conclusion was not clearly erroneous. Corpus v. Beto, 469 F.2d 953 (5th Cir., 1972); Tuttle v. Decker, 386 F.2d 814 (5th Cir., 1967); Lamarr v. Wainwright, 423 F.2d 1104 (5th Cir., 1970); Smith v. Heard, 315 F.2d 692 (5th Cir., 1963); F.R.Civ.P. 52(a); see also Calloway v. Wainwright, 409 F.2d 59 (5th Cir., 1969), cert. den. 395 U.S. 909, 89 S.Ct. 1752, 23 L.Ed.2d 222.
 
 
 3
 Petitioners offer two additional issues for review, neither of which was decided below: (1) the adequacy of the jury instructions regarding the voluntariness of their confessions; and (2) whether the original trial judge predetermined the issue of voluntariness before presenting it to the jury.
 
 
 4
 Although the court did not decide it, we find indications in the record that petitioners may have properly preserved and presented the jury instruction question to the district court. We find no indication that petitioners preserved or presented the 'predetermination of voluntariness by the trial judge' issue; however, we do not decide that question (whether the issue was properly preserved and presented) but leave it open for the district court.
 
 
 5
 We remand to the district court for a determination whether these two issues were properly before the court and, if so, for appropriate disposition of them.
 
 
 6
 Affirmed in part; remanded in part.
 
 
 
 [1]
 See Young v. Florida, 140 So.2d 97 (Fla. 1962)