PER CURIAM.
Appellant seeks post conviction relief under Criminal Procedure Rule No. 1, F.S.A. ■ch. 924 Appendix. In January 1960, appellant pleaded guilty to charges of breaking and entering and grand larceny. Two weeks thereafter, by counsel, he moved for leave to withdraw his plea of guilty. Hearing was had on the motion which was denied March 15, 1960. Appellant was adjudged guilty and sentenced to State Prison July 26, 1960. The judgment was affirmed on appeal. Simmons v. State, Fla.App. 1961, 132 So.2d 235.
On April 9, 1963, following the ■Gideon decision,[1] the appellant moved to vacate the judgment and sentence alleging that at the time of his arraignment he was .a pauper; that he requested counsel; that his request was denied; and that he was sentenced to State Prison where he is now ■confined. On his present appeal, following denial of his motion below, the appellant Iras moved this court to fix bail pending final outcome of the proceedings under the Rule. The motion is denied. See Gammage v. State, Fla.App.1963, 154 So.2d 712.
We are constrained to hold that the ■denial below of appellant’s motion under the Rule was on stated grounds which, if meritorious in the abstract, were based predominantly on matters dehors the record. See Keur v. State, Fla.App.1963, 160 So.2d 546, 549. The conclusion is that the allegations of appellant’s motion considered along with the record of his arraignment and pleas absent counsel and in conjunction with the reported hearing and denial of the motion to withdraw the pleas of guilty, posed a potentially valid claim for relief under the Rule.
We think it was incumbent upon the trial court to call for answer by the State and then, consequent upon plenary hearing fully reported, resolve the issues made. See Caminita v. State, Fla.App.1964, 159 So.2d 921. The appealed order is reversed and the cause remanded for proceedings in accordance with directions as outlined in King v. State, Fla.App.1963, 157 So.2d 440.
Reversed and remanded.
SMITH, C. J., and SHANNON and WHITE, JJ., concur.

. Gideon v. Wainwright, 1962, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.