Donald David **TUTTLE**, Appellant,

v.

Bill **DECKER**, Sheriff of Dallas County, Texas et al., Appellees.

No. 24805.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1967.

---

2.   Calhoun v. United States, 5 Cir., 384 F.2d 180, decided July 19, 1967.

Emmett Colvin, Jr., Dallas, Tex., for appellant.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., James M. Williamson, Asst. Dist. Atty., Dallas, Tex., Crawford C. Martin, Atty. Gen. of Tex., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Howard M. Fender, Robert E. Owen, Asst. Attys. Gen., Henry Wade, Crim. Dist. Atty., Dallas County, Tex., for appellees.

Before BROWN, Chief Judge, and BELL and THORNBERRY, Circuit Judges.

PER CURIAM:

Appellant is presently serving a twelve year sentence in the Texas Department of Corrections following a 1965 conviction for possession of marijuana. He petitioned the federal district court for a writ of habeas corpus, claiming that his confession regarding the ownership of the marijuana was obtained as the result of promises, threats, and coercion sufficient to overbear his will. Cf. Haynes v. State of Washington, 1963, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513. After a full evidentiary hearing, the district judge denied the petition. We affirm.

Appellant was arrested along with his wife and Johnny Johnson in appellant's home. Appellant's small daughter was ill at the time, but she was placed with relatives. Appellant's wife attempted to confess that the marijuana was hers since she could get probation and appellant could not. This offer was rejected by the police. No interrogation of the prisoners was attempted, but two days after his arrest appellant requested a conference with one of the arresting officers. He asked whether the others would be released if he confessed, and the officer replied that if it were true that the marijuana was his alone and that his wife and Johnson knew nothing about it, they would not have charges filed against them.

Appellant asserts that the reasons for making the confession were to secure his wife's release so she could take care of the sick child and to obtain the benefit of the promise made by the arresting officer that the others would be released. On the other hand, the State contends that ample evidence showed the child to be in better hands than if she were home and that appellant's statements were voluntary and the product of his own free will. The State also contends that the officer was only stating a customary result, not making a promise, when asked about the effect of a confession as to the ownership of the marijuana.

All parties are here agreed that Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is not applicable, and the determination of the voluntariness of the confession is to be judged by the totality of the circumstances, in which the failure to give the Miranda warnings is only one aspect. See Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. See also Haynes v. State of Washington, supra; Culombe v. Connecticut, 1961, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037. Since this determination is one of fact, the District Court's findings are not to be disturbed unless clearly erroneous. Smith v. Heard, 5 Cir., 1963, 315 F.2d 692, cert. denied, 375 U.S. 883, 84 S.Ct. 154, 11 L.Ed.2d 113. The evidence introduced in the hearing below convinces us that the evidence fully sustained the finding that appellant's written confession was the

816

result of his own free will and volition and that he was aware of his right to counsel.[1]

Affirmed.

1. Appellant also contends that he did not take the stand to testify on his own behalf because his attorney was unaware of Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. No evidence is cited to support this contention, and since this tactic could have easily been a trial tactic, we find the contention meritless.