**Robert Lionel LAMARR, Plaintiff-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Defendant-Appellee.**

**No. 26901.**

United States Court of Appeals, Fifth Circuit.

March 30, 1970.

---

W. Reynolds Allen, Joseph P. Manners, Richard Gale, Miami, Fla., for appellant.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Arden M. Siegendorf, Ronald W. Sabo, Asst. Attys. Gen., Miami, Fla., for appellee.

Before TUTTLE, WISDOM, and GOLDBERG, Circuit Judges.

PER CURIAM:

Robert Lionel Lamarr appeals from the district court's denial of a writ of habeas corpus. After an evidentiary hearing the district court concluded that Lamarr deliberately by-passed his available state court remedies. Although the question is not free from doubt, this Court, after a close study of the record cannot say that the decision below was clearly erroneous.

April 29, 1964, Lamarr was convicted in the Criminal Court of Record for Dade County, Florida, in Case No. 64-443, for breaking and entering a building. The court first sentenced him to six months imprisonment, then on August 10, 1964, the court vacated the remainder of the sentence and placed him on probation for eighteen months. September 13, 1965, Lamarr again committed the offense of breaking and entering. November 22, 1965, the trial court revoked his probation and sentenced him to five years imprisonment. May 19, 1966, in the second case, No. 65-6820, Lamarr pleaded guilty to grand larceny and was sentenced to five years, the sentence to run concurrently with the sentence in No. 64-443. He was given credit for 200 days.

In a Florida post-conviction proceeding under Criminal Procedure Rule 1.850 33 F.S.A. ("Rule 1") Lamarr filed a motion to vacate the judgments and sentences in both cases. The trial court appointed an attorney to represent Lamarr in the Rule 1 proceeding. After a hearing on this motion, the court entered an order, February 7, 1968, vacating the sentence in case No. 64-443, sentencing the prisoner to "six months" instead of five years. He was given credit for time already served. The court rejected the attack on the judgment and sentence in Case No. 65-6820. Lamarr did not appeal this order within the sixty days allowed for appealing an order on a Rule 1 motion.

During the pendency of the motion to vacate the judgments and sentences, Lamarr filed a notice of appeal styled "Appeal Nunc Pro Tunc"; the notice makes reference to his motion to vacate. The District Court of Appeal of Florida, Third District dismissed the appeal upon motion of the State.

Sixty-two days after the recordation of the order denying relief in Case No. 65-6820 Lamarr filed his petition for writ of habeas corpus in the federal court. He was granted leave to proceed

with his petition in forma pauperis, and an attorney was appointed to represent him. The trial judge conducted a hearing solely on the question of "whether or not there was a deliberate by-pass of State remedies". The trial judge found that the prisoner had "deliberately bypassed his available State Court's remedies" and thus "he is not entitled to federal habeas corpus relief".

The six-months sentence imposed in Case No. 64–443 expired on April 3, 1966. The five-year sentence imposed in Case No. 65–6820 expired February 14, 1969. On that date Robert Lionel Lamarr was released from custody.

The findings of the district court will not be disturbed unless clearly erroneous. Fed.R.Civ.P. 52(a); Tuttle v. Decker, 5 Cir. 1967, 386 F.2d 814; see, Calloway v. Wainwright, 5 Cir. 1969, 409 F.2d 59, cert. denied, 395 U.S. 909, 89 S.Ct. 1752, 23 L.Ed.2d 222.

The record supports the decision of the district court. Three courses were open to Lamarr when his Rule 1 motion was denied: (1) he could appeal to the appropriate Florida court, (2) seek relief in the federal courts, or (3) ask the State Parole Board for a parole. After consulting with his attorney, Lamarr concluded that it was better not to resort to the appellate procedure but to attempt to gain consideration and leniency from the Parole Board. No evidence was introduced at the hearing that would establish that the Parole Board gave favorable consideration to those inmates who do not litigate. To the contrary, it was affirmatively established that Lamarr's attorney had no foundation for that belief.

When Lamarr was asked if he had ever read Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, he proceeded to recite the facts of the case, and discussed the issues involved, and analyzed the holding. Although Lamarr did this amateurishly, it is evident that he understood the importance of not bypassing state remedies. When he was asked if he was familiar with 28 U.S.C.

§ 2254(c), he stated that he was and proceeded to discuss two or three cases dealing with § 2254(c) and the "exhaustion" rule. Lamarr also stated that he knew he had the right to appeal from the Rule 1 order; he filed his habeas petition two days after the time to appeal had expired.

Lamarr's admissions establish that he was aware, both of his right to appeal the Rule 1 order and of the legal consequences of his failure to do so. The decision of the district court must be affirmed.