Ernest TROGDON, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 28819

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 20, 1970.

Ernest Trogdon, pro se.

Earl Faircloth, Atty. Gen. of Fla., Morton J. Hanlon, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM.

■ Petitioner, Ernest Trogdon, appeals from an order of the district court denying his petition for writ of habeas corpus. We affirm.[1]

Petitioner/Appellant, a Florida state prisoner, is presently serving a twenty year sentence for assault to murder in the second degree—judgment and sentence being entered upon a plea of guilty.

Having failed to effectuate a direct appeal of the conviction, petitioner utilized the Florida post-conviction proceeding under Criminal Procedure Rule 1.-850, 33 F.S.A. (Rule 1), by filing a motion to vacate judgment and sentence in

---

1. Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969) and Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969).

the convicting court. As a basis for his motion, petitioner, represented by a public defender, asserted that his plea of guilty was involuntarily made because it was induced by promises of his retained counsel that petitioner, if he pleaded guilty, would receive a probated or "light sentence". After a full evidentiary hearing on the issue of voluntariness, the state court denied the requested relief, finding that no promises were made nor inducement shown.

The denial of relief being affirmed upon review in the Florida district court of appeals and habeas corpus relief denied in the Florida Supreme Court, Trogdon filed his petition for writ of habeas corpus in the United States District Court alleging, in addition to the invalidity of his plea of guilty, that the state had not afforded him a full and fair hearing in his Rule 1 proceeding due to the failure of his court-appointed counsel to subpoena witnesses to the alleged inducement.

The court below determined, without an evidentiary hearing, that the petitioner's plea of guilty was both voluntarily and knowingly entered after being fully advised of his rights and responding in the negative to a question from the state trial judge as to whether any promise had been offered to induce his plea of guilty. The court further found from the record before it that the petitioner had been afforded a full, fair and adequate Rule 1.850 hearing in the state court and that he was given every opportunity to subpoena witnesses and adduce evidence in his own behalf.

It is well settled in this Circuit, as elsewhere, that a United States District Court is not required, in passing upon a Sec. 2254 application for writ of habeas corpus, "to hold a second evidentiary hearing on any point upon which a full and fair hearing was held at the state level." Ryan v. Wainwright, 424 F.2d 198, 199 (5th Cir. 1970).

Further, we should not disturb the finding of the district court that a full and fair hearing was afforded the petitioner at the state level unless that determination is clearly erroneous. Fed. R.Civ.P. 52(a); Lamarr v. Wainwright, 423 F.2d 1104 (5th Cir. 1970).

Perceiving absolutely no error in that determination, the judgment is affirmed.