Elizabeth A. SEVERSON, Petitioner,

v.

Edwin H. DUFF, II, as Sheriff of Volusia County, Florida, Respondent.

No. 70-322-Civ-J.

United States District Court, M. D. Florida, Jacksonville Division.

Oct. 2, 1970.

Thomas A. Goldsmith, Daytona Beach, Fla., for plaintiff.

Earl Faircloth, Atty. Gen. and J. Christian Meffert, Asst. Atty. Gen. of Florida, Tallahassee, Fla., for defendant.

## ORDER TO SHOW CAUSE

**WILLIAM A. McRAE, Jr.,** District Judge.

A hearing was held in the above case on June 26, 1970. At that time, respondent raised objections to this Court hearing petitioner's claim regarding her March 30, 1970 conviction and sentence of 90 days.

### Deliberate By-Pass

Respondent argues that petitioner is guilty of deliberately by-passing available state court remedies in filing her case in this Court 14 days after expiration of the 30-day appeal period, without first having taken a direct appeal. Petitioner's present attorney, a member of the legal aid staff, could not, under federal statute, have represented her in such a proceeding, but was permitted only to bring a collateral attack on her conviction. See Holsinger v. Duff, No. 69–466–Civ–J (M.D. Fla., injunction filed Aug. 15, 1969). Petitioner's trial attorney purportedly chose not to file a rule 1.850, 33 F.S.A. motion because the trial judge stated that he would not consider ruling on the constitutionality of Florida Statute, section 877.03, F.S.A. (disorderly conduct). Petitioner's trial attorney also chose not to take a direct appeal.

■ Although petitioner herself heard the advice given by the court that she had a right to an appeal, respondent has not asserted that the advice given included sufficient detail to inform her what she must do to perfect her right if her first attorney decided against further action (e.g., that a notice of appeal is required, and that her notice must be filed within a prescribed time period). Accordingly, even if she knew of her right to appeal, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), her waiver may not have been intelligent, nor, consequently, voluntary.[1] Thus, there was no deliberate by-pass by petitioner herself of her right to a direct appeal. Like many who come before the bar of justice, she perhaps was confused and apprehensive, and acquiesced in her attorney's inaction. No showing from the record has been made that this waiver was knowing or voluntary. It was only when petitioner conferred with her present counsel that she learned that something more could be done.

■ Whether petitioner's failure to take advantage of other collateral state remedies after the time for appeal had expired constitutes a deliberate by-pass must next be considered. Respondent asserts that two remedies were available: (1) a motion to vacate sentence, under Fla.R.Crim.P. 1.850, and subsequent appeal from a denial thereof, or (2) an original habeas corpus in the district court of appeal under Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969).

Petitioner's first attorney, as noted above, is said to have determined from the trial judge, to whom a motion under rule 1.850 must be directed, that he was unwilling to rule on the constitutionality of the state disorderly conduct statute. Petitioner's second and present attorney asserts that release on recognizance is, as a matter of practice, unavailable during collateral relief. Such release was necessary so that petitioner would not have completed her 90-day sentence during the extended proceedings through the levels of state courts.[2] Respondent's rejoinder is that in State ex rel. Argersinger v. Hamlin, 236 So.2d 442 (Fla. 1970), *bail* pending appellate consideration of a petition was granted. No other instances of such relief were brought

1. The doctrine of deliberate by-pass is directly related to an intentional, personal act on the part of the petitioner, and not that of her counsel, Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837, 869 (1963).

2. This petition, of course, would not have become moot if the release had not been granted, see Sibron v. New York, 392 U.S. 40, 50–58, 88 S.Ct. 1912, 20 L.Ed.2d 917 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Cappetta v. Wainwright, 406 F. 2d 1238 (5th Cir. 1969), but relief after completion of a sentence is a hollow victory.

to this Court's attention. The Florida courts earlier had held that bail is unavailable pending appeal of an adverse ruling on a rule 1.850 motion. Simmons v. State, 163 So.2d 888 (2nd D.C.A. 1964). Moreover, petitioner, being indigent, could not and cannot afford bail, but must have been released on her personal recognizance for an effective remedy. Acting by an analogy to the release granted in Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968), this Court, in its discretion, granted release on recognizance on May 14, 1970. It is unlikely that the trial court's denial of a rule 1.850 motion, an appeal to the district court of appeal (thereby exhausting state remedies[3]), and another appeal to this Court could have transpired before the termination of petitioner's 90-day sentence. Furthermore, and significantly, the failure here to follow the rule 1.850 procedures was not characterized by the lack of good faith required by Fay v. Noia, supra, 372 U.S. 391, at 439, 83 S.Ct. 822, 9 L.Ed.2d 837; R. Sokol, Federal Habeas Corpus, ¶22.3 (2d ed. 1969), as necessary before the doctrine of deliberate by-pass may be imposed. Rather, on the face of the petition, the precise status of the case was revealed, and the specific reasons for not taking recourse to state procedures were explained and defended in an accompanying memorandum of eight pages. This Court considered these reasons carefully before permitting petitioner to proceed in forma pauperis, and concluded that a prima facie case for non-exhaustion had been stated. In addition, respondent has not shown that petitioner participated in the alleged "choice to by-pass state courts": "A choice made by counsel not participated in by the petitioner does not automatically bar [federal] relief." Fay v. Noia, supra, at 439, 83 S.Ct. at 849.

Respondent looks to Lamarr v. Wainwright, 423 F.2d 1104 (5th Cir. 1970), for support for his contention that petitioner has deliberately forfeited her right to a federal hearing. However, in Lamarr, the petitioner himself, with a detailed knowledge of the exhaustion requirements of Fay v. Noia, supra, and with full knowledge of the potential application to him of the doctrine of deliberate by-pass, and of the availability of an effective state remedy, chose to file in federal court a scant two days after the appeal deadline. Here petitioner served half of her sentence before coming into federal court, and has not been shown to have chosen this forum in bad faith in light of the unavailability of state relief and the federal nature of her constitutional claim.

■ Respondent asserts that petitioner has access to a Baggett appeal. Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969); Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967). The factual circumstances apparently necessary for such a remedy are simply not present here,[4] and so no by-pass of that remedy occurred.

### Exhaustion of State Remedies

■ Having thus concluded that the drastic sanction of deliberate by-pass is inappropriate here, careful consideration

---

3. The probable unavailability of any relief on the merits of this claim from state courts is considered below.

4. For example, flagrant state action of some sort is necessary which acted to preclude the taking of an appeal under state decisions. Here it presently appears that an appeal was not taken because of a decision by petitioner's first counsel. The fact that the first attorney was state-appointed and chose not to take an appeal, where state decisions have foreclosed the issue of the statute's constitutionality, does not, perhaps, constitute sufficient state action under state law to meet Baggett v. Wainwright, 235 So.2d 486 (Fla. 1970). Indeed, the Florida courts have held that even a court clerk's failure to forward a notice of appeal was an inadequate ground for relief where some other possible fault of petitioner might have contributed to the defect. Brody v. Wainwright, 235 So.2d 303 (Fla.1970). Baggett himself was ultimately unsuccessful. Baggett v. Wainwright, 235 So.2d 486 (Fla.1970).

must be given to whether, for reasons of comity, this Court can accept jurisdiction without requiring exhaustion of state remedies under rule 1.850.[5] This Court seeks at all times to uphold the comity principle where an effective state remedy exists under state law, and is strongly committed to the principle of federalism. A resolution of this point necessitates examination of the charges brought against petitioner, the statute she challenges, the nature of her rights asserted against that statute, the interpretations Florida courts have made of it, and the ability of this Court, with a single judge, to grant the relief sought.

Petitioner was charged on June 22, 1969, with "an act, to wit: Use [*sic*] profane, loud or boisterous *language* so as to outrage the sense of public decency, and in such a manner as to constitute a breach of the peace," under Florida Statutes, section 877.03, F.S.A. (emphasis added). The statute, listed under the heading of "Miscellaneous Crimes" in the codification, reads as follows:

> Whoever commits such acts as are of a nature to corrupt public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor, and subject to punishment as provided by law.

■ Petitioner challenges the statute as being facially unconstitutional for vagueness, thereby violating the due process clause of the fourteenth amendment, and overbreadth, thereby infringing impermissibly on her protected first amendment speech. *See, e.g.*, Note, The First Amendment Overbreadth Doctrine, 83 Harv.L.Rev. 844 (1970); Note, The Void for Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67 (1960).

Such first amendment claims have been given a preferred status by the United States Supreme Court sufficient to overcome requests for abstention. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). Abstention would be inappropriate in any event, for, as discussed below, the Florida courts have authoritatively upheld the statute at issue here.

■ Exhaustion of state remedies for collateral relief depends on the availability of state relief. Florida courts have upheld disorderly conduct and breach of the peace ordinances which prohibit making or causing to be made loud, unusual, and offensive noises and disturbances. Matteson v. City of Eustis, 140 Fla. 591, 190 So. 558 (1939), and those which prohibit profane language, and loud and disturbing and obnoxious noises. City of St. Petersburg v. Calbeck, 114 So.2d 316 (Fla. 2nd D.C. A. 1959), *with further opinion at* 121 So.2d 814 (1960), *approved in* Headley v. Selkowitz, 171 So.2d 368 (Fla. 1965). Two federal district judges in Florida, dealing with ordinances relating to disorderly conduct and breach of the peace, have recently considered in detail the Florida courts' interpretations of similar ordinances. Pritikin v. Thurman, 311 F.Supp. 1400 (S.D. Fla. 1970), (Cabot, J.); Livingston v. Garmire, 308 F.Supp. 472 (S.D. Fla.1970), (Eaton, J.). In both cases, the ordinances under attack were invalidated for vagueness and overbreadth, and injunctive relief against their enforcement was granted. City of St. Petersburg v. Calbeck, *supra,* quoted with approval the following:

> The term disorderly conduct has been construed as embracing *all such acts and conduct as are of a nature to corrupt the public morals or to outrage the sense of public decency,* whether committed *by words* or acts. *Id.* at 114 So.2d 319. (emphasis added)

---

5. Alternately, it would be possible for his Court to retain jurisdiction, to permit petitioner to remain released on recognizance pending further proceedings, and to remand for exhaustion of state remedies, if such remedies might be potentially effective. We find, however, that they would not be. *E. g.*, Pritkin v. Thurman, 311 F.Supp. 1400 (S.D.Fla.1970).

This approval by the Florida courts, reaffirmed in Headley v. Selkowitz, *supra*, is identical with the language under attack here. It is unreasonable, therefore, to expect relief from Florida courts in an attempt to exhaust state remedies, and the doctrine of exhaustion is inapplicable here. The federal courts have jurisdiction to rule when attempts at exhaustion would be futile, for the exhaustion doctrine is a matter of comity, not of jurisdiction. *E.g.*, Whippler v. Balkcom, 342 F.2d 388 (5th Cir. 1965).

The sole remaining question is whether this court, with a single district judge, can rule on the constitutionality of the statute in a petition for habeas corpus. Title 28, United States Code, § 2281, requires that a three judge court shall be convened under 28 U.S.C. § 2284 whenever injunctive relief is given against the enforcement of a state statute. A petition for habeas corpus, however, does not grant injunctive relief.[6] The Congressional purpose of having a three judge district court consider every application for injunctive relief is not violated where a single judge passes upon the constitutionality of a state statute in a petition for habeas corpus because the enforcement of that statute is not directly affected should habeas corpus relief be granted.

It is, therefore,

Ordered:

1. Petitioner has not deliberately by-passed state remedies.

2. Exhaustion of state remedies would be futile, and abstention is inappropriate.

3. This Court, acting with a single judge, has jurisdiction to pass on the constitutionality of the state statute under attack here.

4. Respondent shall show cause on or before October 22, 1970, why habeas corpus relief should not be granted and why Florida Statute, section 877.03, should not be held unconstitutional on its face or as applied. Upon receipt of the response and consideration of the traverse to it, this Court will determine whether it wishes to hear oral argument on the constitutional issues raised therein.

5. The release on recognizance of petitioner heretofore ordered on May 14, 1970, shall continue until a final determination is made of this matter.

---

6. Judge Rubin stated recently:

"Relief under a habeas corpus petition resembles injunctive relief to the extent that the writ requires the state officials to cease 'enforcing' the statute with regard to the particular petitioner. However, the unambiguous and emphatic language of the statute, [§ 2281], the historical distinction between the common law writ of habeas corpus and the equitable decree of injunction, and the pragmatic differences between habeas and injunctive relief all indicate that this is a situation where pharisaic interpretive efforts are both inappropriate and unnecessary." Scott v. District Attorney, 309 F.Supp. 833, 835 (E.D.La.1970) (holding the Louisiana vagrancy statute overbroad and void for vagueness in a habeas corpus proceeding). See Wilson v. Gooding, 303 F.Supp. 952 (N.D.Ga.1969) (Smith, J.), appeal dismissed, 396 U.S. 112, 90 S.Ct. 397, 24 L.Ed.2d 306 (Dec. 8, 1969) (holding Georgia's breach of the peace statute void for vagueness and overbreadth in a habeas corpus proceeding).