**UNITED STATES of America ex rel. Alton J. CHARBONNET, Petitioner-Appellant,**

v.

**Louis E. HEYD, Jr., Sheriff, Orleans Parish, State of Louisiana, Respondent-Appellee.**

No. 30048

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 7, 1970.

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Robert S. Link, Jr., New Orleans, La., for appellant.

Jim Garrison, Dist. Atty. for Parish of Orleans, Louise Korns, Asst. Dist. Atty. for Parish of Orleans, New Orleans, La., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant was charged with and convicted of several drug charges in the state courts of Louisiana. The district court, 311 F.Supp. 1168, after a hearing, denied habeas corpus relief based on petitioner's allegations that he was denied counsel at a "critical stage" in the state court proceedings, and this appeal followed. We affirm.

On August 25, 1965, the appellant pled not guilty to the state charges, and the trial judge ordered the appellant to return on September 2, 1965, so that the matter of counsel for the petitioner might be resolved. Because of a continuance and Hurricane Betsy appointment of counsel was delayed until September 20, 1965. When the appellant was unable to employ counsel, the court appointed an attorney, who shortly thereafter became ill and was relieved by the court of this responsibility to the appellant. The second attorney appointed also became ill and subsequently died. A third attorney was appointed, and when he was apparently found unsatisfactory by the appellant, the appellant engaged a fourth attorney to represent him in his defense.

During the time that efforts were being made to secure an attorney for appellant, a hearing was conducted on preliminary motions filed by co-defendants of the appellant. Neither appellant nor his attorney was present at this hearing. When the appellant's counsel problems were finally resolved, the attorney for appellant requested and was granted transcripts of the proceedings. The court also granted the attorney leave to file any pleadings or motions which he felt necessary after a review of the transcripts. No pleadings or motions were filed.

At the trial appellant's counsel used the transcripts of the preliminary proceedings involving the co-defendants to cross-examine the witnesses who testified. It was only after the trial and conviction that the appellant for the first time raised the objection that the absence of counsel at the August 25, 1965 plea and at the preliminary proceedings was prejudicial to his Sixth Amendment rights.

Lack of counsel per se is not sufficient cause to grant habeas corpus relief. It must further be determined that lack of counsel occurred at a "critical stage". Whether a preliminary proceeding constitutes a critical stage depends upon the determination of "whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice". Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), and cases therein cited. This is essentially the standard which the district court adopted in concluding that the appellant had not shown any prejudice to his rights. When the proper standard of law is applied, we are not at liberty to set aside the district court's findings of fact unless they are clearly erroneous. Lamarr v. Wainwright, 5 Cir. 1970, 423 F.2d 1104; F.R.Civ.P. 52. We find no error in the district court's determination.

Affirmed.